*In re* WYNN'S ESTATE.

PRUIM *v.* DE WITT.

1. WILLS—CONTEST—PARTIES—INTERESTED PERSONS.
   Generally, under the statutes, a contest of a will can be brought only by a person interested at the time the will was admitted to probate, such persons including not only those named as beneficiaries in the will, but those who would share in the estate in case of intestacy, such as the heir or next of kin and those interested under a prior will.

2. SAME—PARTY CONTESTANT—EVIDENCE.

> Evidence that contestant was not a relative of decedent, but was taken when two years of age by testatrix and cared for and maintained until 17, when she married and left home, that there was a kindly feeling between them and that deceased had stated the contestant should have all her property, and she had given it all to her, etc., that a previous will had been drafted and either the contestant or her husband had been named as beneficiary, *held*, insufficient to establish any right to maintain a contest, though the contestant would have such right if she could show she was a legatee under a pre-existing will.

3. SAME—COMPETENCY—UNDUE INFLUENCE

> Also, *held*, that the evidence which tended to show mental weakness, forgetfulness, and other incidents of old age was insufficient to prove mental incompetency, and that the proofs of undue influence were insufficient to warrant the court in submitting the case to the jury.

Error to Ottawa; Cross, J. Submitted October 18, 1915. (Docket No. 148.) Decided September 27, 1916. Rehearing denied December 22, 1916.

Enno J. Pruim presented for probate the last will of Esther T. Wynn, deceased, which was opposed by Grace De Witt, contestant. The will was allowed in probate court and contestant appealed to the circuit court. A judgment for contestant is reviewed by proponent on writ of error. Reversed.

*Lillie & Lillie,* for proponent.

*Charles E. Misner* and *Corrie C. Coburn,* for contestant.

BIRD, J. A paper purporting to be the last will and testament of Esther T. Wynn, deceased, was admitted to probate in the county of Ottawa. An appeal was taken by Grace De Witt, on the grounds of mental incompetency and undue influence, and these issues were tried out in the circuit court before a jury, resulting

in the will being set aside upon both grounds. The trial court was requested to direct a verdict for the estate, on the ground that the contestant, Grace De Witt, did not have sufficient interest to entitle her to make the contest. The request was refused, and error is assigned thereon. This point, if well taken, is a serious one, and should be first examined. The testatrix was childless, and appears to have had no near relatives. Grace De Witt does not pretend to be either a relative or heir, but, as we assume, bases her right to contest upon the ground that she was a legatee in a former will claimed to have been executed by the testatrix a few years prior to the one in question.

The rule which enables one to contest a will is generally stated as follows:

"Under the statutes generally an action to contest a will can be brought only by a 'person interested' at the time the will was admitted to probate. Such 'persons interested' include not only those named as beneficiaries in the will, but also those who would share in the estate in case of intestacy such as the heir, or next of kin, and those interested under a prior will." 40 Cyc. p. 1241.

See, also, 16 Enc. Plead. & Prac. p. 1009; 1 Beecher's Probate Law & Practice, § 509; *Williams* v. *Bailey,* 186 Mich. 677 (153 N. W. 39).

The substance of the evidence which appears in the record bearing upon the question of the interest of contestant is that she is no relative of the deceased; that she was taken when 2 years of age by the testatrix, cared for and maintained until she was 17 years of age, at which time she was married and left the home of the testatrix. Many expressions of kindly feeling toward the contestant were testified to as having been made by the testatrix. To some she stated that the contestant "should have all of her property";

to others she said that she had given it all to Grace; and the scrivener who drew the will in question testified that he drew a previous will for her some years before, in which either Grace De Witt or her husband was named as beneficiary, he could not recall which. There was also proof that several years before she had made a will giving all of her property to the church of which she was a member, and an old lady companion testified that at one time she offered to will her property to her. We think the rule is well established by the authorities that Grace De Witt would have a right to contest the present will if she were, in fact, a legatee under a prior will, but before this right would accrue to her a satisfactory showing should be made to that effect.

We do not think such a showing sufficiently appears by the record in this case. The former will was not produced; neither was it accounted for. If it were lost, no evidence was given of its contents, other than that referred to. In the case of *Kostelecky* v. *Scherhart*, 99 Iowa, 120 (68 N. W. 591), a very similar question was presented. In that case the proof was made of the due execution of the prior will, and that the formalities of the law were complied with in its execution. It was held in that case that the showing was sufficient to show the interest of the contestant.

In the case under consideration, the proofs leave it uncertain as to whether she was a legatee at all. There was no showing that the formalities of the law were complied with in the execution of the prior will, as in the case cited, and, as before said, no effort was made to produce the will or to account for it, except the statement of the scrivener who had at one time the possession of it that he delivered it to the testatrix, but was not certain when he did so, and that it was not found among her papers. We think that under the state of the proofs at the time the request was

made it should have been granted. Inasmuch as the question will naturally arise upon a retrial as to the practice, we suggest that the better practice is to determine the contestant's "interest" in advance of the trial. 16 Enc. Plead. & Prac. p. 1016. Under the present practice this can be accomplished by a motion to dismiss the appeal.

The record discloses that the testatrix was an old lady 78 years of age when she executed the will in May, 1914. At that time she was living alone, as she had been for several years. She did her own housework and looked after her own business affairs. She was a devoted member of the Methodist Church, and was a member of the church board. She attended church regularly on Sunday, and prayer meeting on Wednesday evening, and gave generously of her means to the church. She made frequent visits to Chicago to see her foster daughter, going and returning alone. In May, 1914, she returned from one of her visits, and the following day went unaided and alone to an old resident who drafted papers and dictated a simple will providing for the payment of her debts, a small legacy to the husband of her foster daughter, and gave the residue to a Mrs. White, one of her neighbors. She gave as a reason for changing her will that upon her recent visit to her foster daughter in Chicago she had not been treated well. She gave as a reason for giving the property to Mrs. White that she had been kind, and aided her in sickness. Several women acquaintances gave it as their opinion that she was not mentally competent to execute the will in question. Their reasons for so thinking were that she had failed in health after her sickness in 1912; that she had complained at times of her head; that she was at times forgetful, and at other times would repeat her words, and forget what she was conversing about. Nothing was detailed by them other than what comes to nearly

every man and woman of her age, as a result of a gradual weakening of physical and mental powers. These reasons furnish no basis in support of an opinion that she was mentally incompetent to execute the will in question. The court should have withheld this question from the jury.

Neither do we think he should have submitted to the jury the question of undue influence. The charge of undue influence was directed at Mrs. White, the beneficiary. There is no testimony showing that Mrs. White exercised any undue influence over her, or even attempted to influence her with reference to her property, or that she ever had any talk with her with reference to its disposition. The only thing shown was that she had an opportunity, but even the opportunity must have been somewhat brief, because the testatrix was home from Chicago only a few hours before she changed her will. Some attempt was made to show that Mrs. White refused to send for contestant during the last illness of the testatrix. One of the contestant's witnesses testified that she asked the testatrix if she wanted Grace to come, and she nodded that she did not. The record shows without contradiction that Mrs. White was following the direction of testatrix in not sending for contestant.

For the reasons indicated, the judgment is reversed, and a new trial granted. Proponent will recover her costs.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.