The last will and testament of Rachel Arvilla Parker, executed on October 10, 1930, was admitted to probate by the probate court of the county of Kalamazoo on December 1, 1931. A contest had been filed by parties claiming under *Page 81 
a former will. An appeal was taken to the circuit court pursuant to the provisions of the statute (3 Comp. Laws 1929, § 15958), and not in conformity with Court Rule No. 57 (1931) then in force. A motion to dismiss was denied, from which the executor, by leave of the court, has taken this appeal.
Court Rule No. 57 (1931), entitled: "Time for perfecting appeal," is plain and explicit. Section 1 reads:
"The period of time after the entry of the order, determination, decision, action, judgment, decree or other matter for review, within which the appeal shall be perfected, is as follows: —
"(a) In appeals to the Supreme Court and in appeals from probate courts, within 20 days," and appeals from the probate court to the circuit court must be taken in conformity therewith.
The docket entries in the circuit court disclose that the motion to dismiss the appeal was filed on February 20, 1932; that on April 10, 1933, an order was entered dismissing the cause for "want of progress;" that on August 3, 1933, a motion was made to reinstate it and granted on the following day; that on September 11, 1933, an order was entered "transferring case to jury calendar upon stipulation of counsel made in open court," and that thereafter several stipulations of counsel were filed therein.
A special appearance for the purpose of moving to dismiss is not a submission to the general jurisdiction of the court.Weber v. Wayne Circuit Judge, 217 Mich. 561. But stipulations thereafter entered into, upon which the court acts in the exercise of its jurisdiction, will be treated as a general appearance. Lapham v. Tarabusi, 247 Mich. 380. Unless the trial court had jurisdiction of the cause of action and of *Page 82 
the parties, he could not place the case on the jury docket, as he did by stipulation of counsel. Without in any way qualifying the effect to be given to the provision for appeal from probate court contained in Court Rule No. 57 (1931), we agree with the trial court in its holding that for this reason the motion to dismiss should be denied.
The motion was also based upon the claim that the Kalamazoo College and the Bronson Methodist Hospital did not have sufficient interests in the estate of the deceased to entitle them to make the contest. The petition for probate was filed on February 2, 1931. On March 10, 1931, the First National Bank 
Trust Company, of Kalamazoo, filed in said court what purported to be a copy of a last will and testament of the deceased, executed on the 28th day of April, 1930, in which it was named as executor, and a codicil thereto, executed on the 6th day of July, 1930, accompanied by a petition for the probate thereof. Among the legatees named in this will were the Kalamazoo College and the Bronson Methodist Hospital.
Objections to the probate of the will of October 10, 1930, were based upon the claims that it was not executed by the deceased and that its execution was procured by undue influence exercised over her. The record does not disclose the proofs, if any were taken, in the probate court, but Judge Hollander held that, while those interested in a prior will might contest, the college and hospital did not satisfactorily establish that they were parties in interest under a former will, and dismissed the objections and admitted the will to probate.
At the hearing of the motion to dismiss in the circuit court, some testimony was taken in support thereof. It clearly appeared that the deceased had *Page 83 
made a former will, and the executor named in the later will, and who prepared it, testified that at the request of the deceased, and on her written order, he went to the office of the First National Bank Trust Company and got her former will and delivered it to her, and advised her that it should be destroyed, and there is testimony of another witness that in his presence she tore it up and asked him to throw it into the stove, and that he did so.
The witnesses to the former will were not called. Counsel for the contestants offered to produce them, but the court did not think it was necessary to do so. Counsel for the appellant rely on our holding in Re Wynn's Estate, 193 Mich. 223, to sustain their claim that it devolved upon the contestants to show "that the formalities of the law were complied with in the execution of the prior will" (p. 226). In that case the former will was not produced or accounted for. Here it clearly appears that one was executed by the deceased, that it was kept on deposit in her box in a bank, and that it was delivered to and destroyed by her. Under the record here presented, we think the trial court was justified in holding that the contestants had such an interest in the estate of the deceased as entitled them to make contest of the later will.
The appeal is dismissed, but without costs, and the case remanded for trial of the will contest upon the merits.
POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL and EDWARD M. SHARPE, JJ., concurred. *Page 84