*In re* ELLIOTT'S ESTATE.

ELLIOTT *v.* COLLINS.

1. WILLS—CONTESTANT'S LACK OF INTEREST—MOTION TO DISMISS.
   In a will contest the matter of a contestant's lack of interest
   may be challenged by proponent's motion to dismiss.

2. DIVORCE—VALIDITY OF DECREE—RESIDENCE—GOOD FAITH.
   Question of whether validity of a divorce decree, rendered by a
   North Dakota court, because plaintiff in such suit was not a
   *bona fide* resident of that State, may be challenged in contest
   of will of woman such plaintiff subsequently married, is not dis-
   cussed, where there is no evidence such plaintiff acted in bad
   faith in procuring such decree.

3. WILLS—HUSBAND OF TESTATRIX—DIVORCE—EVIDENCE AS TO RESI-
   DENCE.
   Proponent of will *held,* lawful husband of testatrix where, al-
   though he started divorce proceeding against a former wife in
   Michigan, while it was pending he moved to North Dakota and
   after residing there some 15 months procured a divorce there
   and remained unmarried for almost 19 years before marrying
   testatrix, and where contestant failed to show removal to North
   Dakota was for explicit purpose of procuring a divorce and
   merely claimed that finding of North Dakota court that plain-
   tiff had established a residence there was based on insufficient
   evidence.

4. COURTS—FINDINGS BY COURTS OF OTHER STATES.
   It is not the province of the Supreme Court of this State to re-
   view findings of fact made by the court of a sister State.

5. ABATEMENT AND REVIVAL—JURISDICTION OF SUBJECT-MATTER BY
   FOREIGN COURT.
   A foreign court does not lose jurisdiction by reason of the
   pendency of litigation covering the same subject-matter in the
   court of another State.

6. DIVORCE—FOREIGN JURISDICTION—PENDENCY OF PROCEEDING ELSE-WHERE.

Fact that divorce proceeding, commenced by husband in Michigan, was pending *held*, not to have invalidated decree of divorce in proceeding brought some 15 months after he moved to North Dakota.

Appeal from Wayne; Chenot (James E.), J. Submitted June 21, 1938. (Calendar No. 39,918.) Decided October 3, 1938.

Sidney Elliott presented the last will of Elizabeth Elliott for probate. Martha Burbank Collins objected thereto and the matter was certified to circuit court. On petition of Sidney Elliott to dismiss certification of contest to circuit court. Motion denied. Proponent Elliott appeals. Reversed and remanded.

*Robert J. Quail,* for proponent.

*Henry C. L. Forler,* for contestant.

BUSHNELL, J. This is an appeal from an order denying proponent's motion to dismiss a will contest. The will contest was certified by the probate court to the circuit court, where trial was had before a jury who rendered a verdict sustaining the will. Contestant appealed and the judgment entered in the circuit court was set aside and a new trial ordered. See *In re Elliott's Estate,* 269 Mich. 677. Before the second trial, both parties secured new counsel and proponent moved to dismiss the will contest on the ground that:

"The contestant, Martha Burbank Collins, is not an interested party, as she would not share in the estate if the will were set aside, and therefore is not concerned in the outcome, and is not a proper contestant."

Proponent attached to the motion an affidavit stating that he was married to the testatrix, Elizabeth Elliott, on July 30, 1927, at Detroit, Michigan, and that she did not leave surviving her any issue, father, mother, brother or sister or child of a brother or sister.

In opposition to this motion contestant's counsel filed an affidavit, sworn to by him, which stated that the records of the circuit court for the county of Wayne show that, on March 2, 1906, Sidney Elliott, the proponent, filed a bill for divorce from his first wife, Philomene Elliott; that the matter was heard in part on July 2 and 16, 1906, but that no disposition was made thereof, and that, while the cause was still pending, Elliott filed a bill for divorce from Philomene in the county of Burleigh, State of North Dakota. There is attached to this an affidavit of the contestant, which was filed in this court on the first appeal in opposition to a motion for the disallowance of costs. The latter affidavit questions the validity of the marriage of Sidney Elliott to the testatrix, and claims that the North Dakota decree of divorce is invalid and that, therefore, the marriage between the testatrix and proponent was null and void. The North Dakota decree was entered December 18, 1908. Upon the issues thus framed, the court denied proponent's motion to dismiss the appeal without stating any reason therefor.

Appellant claims that, under the facts recited and the statutes of this State, he is entitled to all of the property of the deceased whether or not the will is sustained. See 3 Comp. Laws 1929, § 13440 (Stat. Ann. § 26.981) and § 15726 (Stat. Ann. § 27.2891). Contestant's brief does not indicate how she would share in the estate if the will were set aside, and we assume that her theory is that, if the North Dakota

divorce was invalid, the marriage between proponent and testatrix was a nullity, and then contestant would be an heir at law as "next of kin." (3 Comp. Laws 1929, §§ 13440, 15726.)

The first question raised is whether contestant's lack of interest may be challenged by proponent's motion to dismiss.

The authorities indicate that this procedure is proper. In *Re Wynn's Estate,* 193 Mich. 223, the court said:

"We suggest that the better practice is to determine the contestant's 'interest' in advance of the trial. 16 Cyc. Plead. & Prac. p. 1016. Under the present practice this can be accomplished by a motion to dismiss the appeal."

In *Re Vanden Bosch's Estate,* 207 Mich. 89, and *In re Parker's Estate,* 268 Mich. 79, the procedure was similar to that in the instant case, and there is no suggestion in either opinion that it was improper.

The principal question in this appeal is whether the North Dakota decree is valid. Appellee insists that proponent's North Dakota decree was invalid because the testimony produced before the North Dakota court was not sufficient to show that proponent was a *bona fide* resident of that State when the divorce decree was entered. Appellant suggests that appellee may not challenge the validity of the North Dakota divorce decree in such an incidental proceeding as this will contest. We will not discuss this question because our examination of the record satisfies us that there is no evidence that appellant acted in bad faith in procuring the North Dakota decree. Some of the authorities in this State upon the question which we do not discuss are: *People v. Dawell,* 25 Mich. 247 (12 Am. Rep. 260); *Waldo v.*

*Waldo,* 52 Mich. 94; *Reed* v. *Reed,* 52 Mich. 117 (50 Am. Rep. 247); *James* v. *Emmet Mining Co.,* 55 Mich. 335; *Philip* v. *Heraty,* 135 Mich. 446, and *O'Dell* v. *Goff,* 153 Mich. 643.

The record contains a portion of the proceedings and some of the testimony in the North Dakota divorce matter. The bill was filed in that State on September 26, 1908, and, having been taken as confessed, was heard on December 5, 1908. Proponent testified therein that he was 33 years of age and had lived in Bismarck, North Dakota, for 15 months. He stated that, before coming to Bismarck, he lived in Detroit. The bill of complaint alleged that plaintiff, proponent herein, had, in good faith, been a resident of the State of North Dakota for more than 12 months preceding the commencement of his suit. Appellee did not introduce any evidence in the instant case to show that the removal by appellant from Michigan to North Dakota was for the explicit purpose of procuring a divorce from his first wife, Philomene, and that he did not establish a residence in the latter State. The evidence introduced below indicates quite the contrary. There is evidence that proponent went to Bismarck in the summer of 1907 with the intention of making it his permanent place of residence; that he homesteaded 100 acres of land from the government and that he voted at elections thereafter. Proponent did not remarry from the time he secured his divorce on December 18, 1908, until he married testatrix on July 30, 1927. It seems reasonable to suppose that if proponent were seeking to perpetrate a fraud upon the North Dakota courts he would have hardly remained unmarried for almost 19 years. It seems almost impossible to draw any inference from this record other than that proponent was the lawful husband of testatrix. All that appellee claims is that the testimony adduced

before the North Dakota court was insufficient to warrant a finding by that court that the proponent had established a residence in North Dakota. While the courts of this State may, under proper circumstances, make an independent investigation of the facts in order to determine the question of whether a complainant in a foreign divorce proceeding was a *bona fide* resident of the foreign State, it is not the province of this court to review findings of fact made by a court of a sister State.

It is also claimed that the North Dakota proceedings were invalid by reason of the pendency of divorce proceedings in this State, in the circuit court for the county of Wayne. It does not appear that the fact of the pendency of these proceedings was ever brought to the attention of the North Dakota court. A foreign court does not lose jurisdiction by reason of the pendency of litigation covering the same subject-matter in the court of another State. See cases collected in 15 C. J. p. 1183, § 657. Cf. *Mulford* v. *Stender,* 215 Mich. 637; *MacLean* v. *Wayne Circuit Judge,* 52 Mich. 257; *Barnum Wire & Iron Works* v. *Wayne Circuit Judge,* 59 Mich. 272, and *Wells* v. *Montcalm Circuit Judge,* 141 Mich. 58 (113 Am. St. Rep. 520).

The order denying the motion to dismiss is vacated and the cause remanded for the entry of an order dismissing the will contest. The circuit court is directed to remand the matter to the probate court for further proceedings therein. Costs of this appeal to appellant.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.