## ANGELL *v.* GROFF.

---

WILLS; PROBATE; NOTICE; CAVEAT; PARTY IN INTEREST; STATUTE OF
LIMITATIONS.

1. Where on the second caveat of a will no question is raised as to the sufficiency of notice of the proceedings for probate, all persons in interest will be deemed to have been legally present when the final order for probate was made.

2. The interest which a person must possess to enable him to assail the validity of a will under sec. 137, D. C. Code [31 Stat. at L. 1212, chap. 854], is such as would have entitled him to a distributive share in the estate had the testator died intestate.

3. An heir of an absent legatee, summons to whom in probate proceedings was returned "not to be found," is not a person interested who by sec. 137, D. C. Code, is authorized to caveat a will, where the legatee is not shown to have died during the period allowed by that section to persons "not to be found" for filing a caveat, and that period expired before the legatee's absence had continued for the seven years from which sec. 252, D. C. Code [31 Stat. at L. 1230, chap. 854], raises a legal presumption of death.

4. A legatee who fails to caveat a will within the time allowed therefor
   by sec. 137, D. C. Code, is barred from so doing, and his heirs who
   had no rights which they could have asserted during his lifetime are
   likewise bound.

No. 2632.  Submitted March 6, 1914.  Decided April 6, 1914.

HEARING on an appeal by the caveator from a decree of the Supreme Court of the District of Columbia dismissing a caveat to a will.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Diller B. Groff died in this District March 8, 1910. His will was admitted to probate and record May 17, 1910. By its terms he bequeathed to Rosa V. Groff $1,000, to Edna Groff $1,000, to Emory Groff $2,000, to Adam H. Groff, $100, and, after some small bequests not material here, the remainder of the estate was bequeathed to his two sons, Chester C. Groff and Diller F. Groff, appellees, who were named as executors.

It appears that Adam H. Groff, a son of the deceased, and father of Edna Groff Angell, appellant, in whose behalf this action was brought, disappeared from the District of Columbia about April 25, 1906; that on August 13, 1910, Edna Groff and Emory Groff, children of Adam H. Groff, by their mother, Rosa V. Groff, as next friend, filed a caveat to the will of their grandfather, Diller B. Groff, wherein they alleged that their father, Adam H. Groff, had died prior to the date of the decease of his father, and that the proceedings leading to the probate and record of the will were had without notice to them, and were greatly to their detriment and prejudice. They averred the incapacity of their grandfather at the time of the execution of the will in question. To this caveat, the executors answered, denying, among other things, the death of Adam H. Groff. The following issue was framed by the court and submitted to a jury: "Was Adam H. Groff dead prior to the 8th day of March, 1910?" The jury returned a verdict answering the issue in the negative. On appeal, the judgment was affirmed in this court.

*Groff* v. *Groff,* 36 App. D. C. 560. Thereafter, the executors paid to Rosa V. Groff, as guardian of Edna Groff, $1,000, the amount bequeathed to her by the will.

On July 21, 1913, Edna Groff Angell, by her husband and next friend, Earle F. Angell, filed the present caveat, in which she admits that her father, Adam H. Groff, survived his father, Diller B. Groff, but avers that, on May 21, 1913, letters of administration upon the estate of her father were granted to her mother by the probate court. She avers, upon information and belief, the incapacity of her grandfather to make the will in question, and claims that, by reason of her interest as one of the heirs of her father, she has been greatly prejudiced by the probate of the will. To this caveat the executors answered, setting up the proceedings in the prior caveat, and, among other things, denying that the caveator has any interest in the estate of her grandfather, except to the extent to which she was a beneficiary under the will. Upon the filing of the answer, caveator moved the court to frame issues for trial as prayed in the caveat, which motion was by the court denied and the caveat dismissed. From the order of dismissal this appeal was taken.

*Mr. Francis B. Moriarty* and *Mr. J. Archibald Moriarty* for the appellant.

*Mr. Samuel Maddox, Mr. H. Prescott Gatley,* and *Mr. Barry Mohun* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Relief is here sought under the provisions of sec. 137 of the District Code [31 Stat. at L. 1212, chap. 854], as follows: "If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will, and pray that the probate thereof may be revoked at any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be

a will of real estate, and as far as it is such will of real estate, any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree; any person interested who at said time was returned, 'Not to be found,' and was proceeded against by publication, may file such caveat within two years after such decree; and any person interested who at the time of said decree is within the age of twenty-one years may file such caveat within one year after he becomes of age."

The question presented is whether or not the caveator, Edna Groff Angell, was a "person in interest" or "interested person" at the time this caveat was filed. No question is raised as to the sufficiency of notice; hence all persons in interest will be deemed to have been legally present when the final order of probate was made. The interest which a person must possess to enable him to assail the validity of a will is such that, had the testator died intestate, he would have been entitled to a distributive share in the estate.

It is not averred that Adam H. Groff died prior to the date of the probate of the will. Indeed, it was adjudicated in the former proceeding that he was alive at that time. Nor is it averred that he had died prior to the filing of this caveat. It is averred, however, that he disappeared about April 25, 1906, and that letters of administration upon his estate had been granted May 21, 1913. The grant of letters was undoubtedly based upon the legal presumption of death, which arose after the lapse of seven years from the date of his alleged disappearance. D. C. Code, sec. 252 [31 Stat. at L. 1230, chap. 854].

At the time of the probate of the will of Diller B. Groff, May 17, 1910, the summons as to Adam H. Groff was returned, "Not to be found." Being alive at that date, he had two years within which to caveat the will of his father. The two years elapsed before the expiration of seven years from the date of his disappearance, when the statute created a legal presumption of death,—the date of her father's death here relied upon by the caveator. It logically follows that Adam H. Groff, being legally alive for more than two years after the probate of his

father's will, was barred from caveating the will, and his heirs, having no rights which they could assert during his lifetime, are likewise barred.

The judgment is affirmed, with costs.          *Affirmed.*

On April 28, 1914, a motion for a rehearing was denied.