JAMES F. HAMILL ET AL. *v.* STUART F. HAMILL
ET AL., EXECUTORS.

[Nos. 20, 21, January Term, 1932.]

*Decided March 3rd, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Walter C. Capper* and *F. Brooke Whiting,* for the appellants.

*E. Ray Jones* and *William M. Maloy,* with whom were *Jones & Dawson* and *Maloy, Brady & Yost* on the brief, for the appellees.

OFFUTT, J., delivered the opinion of the Court.

These appeals submit three questions: (1) May one, who is an heir at law, and also a beneficiary under the unprobated will of a testator, and who has filed a caveat to a later will of said testator, be required, as a condition precedent to prosecuting such caveat, to elect whether he will prosecute it as a beneficiary under the earlier will or as an heir at law of the decedent; (2) whether a caveat to a will, filed by "the guardian and next friend" of an infant possessed of a caveatable interest therein, may be prosecuted as the caveat of the infant; and (3) whether either party to a caveat proceeding involving the validity of a will is entitled to any issue of fact which is not relevant nor material to that question.

The facts forming the background of those questions are these: Gilmor S. Hamill, late of Garrett County, Md., died

on March 7th, 1931, leaving what purported to be a last will and testament, executed on January 7th, 1930, which was admitted to probate by the Orphans' Court of Garrett County on the 10th day of March, 1931. He left to survive him two sons, Stuart F. Hamill and H. Byrne Hamill, and four children of a deceased son, G. Semmes Hamill, Jr., who are James F. and Gilmor S. Hamill, III, of full age, and Virginia E. and Edwin C. Hamill, infants, and they, on May 12th, 1931, filed a caveat to the will on the grounds of mental incapacity and undue influence and that it was not properly executed.

On July 7th, 1931, Stuart F. Hamill and George A. Fraley, executors of the will, filed in the caveat proceedings a petition in which they asked the court to require the caveators to elect "whether they assume, assert and represent in this litigation, that Gilmor S. Hamill died testate or intestate, whether they are heirs-at-law and next of kin of Gilmor S. Hamill intestate or legatees, devisees and beneficiaries under a will of Gilmor S. Hamill, deceased, dated November 10th, 1929, and now on file in the office of the Register of Wills of Garrett County, and whether they file their petition and caveat in the capacity, character or right of heirs-at-law and next of kin of Gilmor S. Hamill, deceased, intestate, or as legatees, devisees and beneficiaries under the will of Gilmor S. Hamill, deceased, dated November 10th, 1929." In that paper, in addition to the facts stated above, the executors also alleged that Gilmor S. Hamill, on November 10th, 1929, executed another will, which at the request of the caveators they produced "in this court and filed with the Register of Wills," under which the caveators took a larger part of the estate of Gilmor S. Hamill than under the later probated will, and that the earlier will contained an *in terrorem* clause under which any legatee who contested it would be debarred from sharing in the testator's estate.

On the same day, before that motion or petition had been heard, the executors filed a combined answer and demurrer

to the caveat. They demurred on the grounds: (1) That Virginia E. Hamill, one of the infant caveators, is a female infant and will be of the age of eighteen years in August, 1931, and hence should sue by next friend and not by guardian; (2) that Emily C. Houck, the mother of Virginia E. Hamill, was living, and that Virginia E. Hamill could only conduct the proceedings by her mother as her next friend; (3) that the caveators, as legatees, devisees, and beneficiaries under an earlier will of the decedent, are not entitled to file a caveat as his next of kin; and (4) that "Paul L. Hitchins, guardian and next friend, is without title and right to file said petition and bring said suit." In their answer they in effect traversed all allegations of the caveat which affected the validity of the will.

On July 21st, 1931, the caveators answered the motion of July 7th, and in their answer admitted that the paper writing of November 10th, 1929, purporting to be the will of Gilmor S. Hamill, was produced in the orphans' court and filed with the register of wills at their request, and that under that will they would take a larger part of the testator's estate than under the probated will, and they further stated that "Paul L. Hitchins was at the time of the filing of said petition and caveat the duly and legally appointed guardian in this court of Virginia E. Hamill and Edwin C. Hamill, and that in addition thereto he has been duly and legally appointed by their mother, Emily C. Hamill, their next friend for the purpose of filing said caveat with the same full power and authority to prosecute the same in his name as next friend of said infants as fully as she could do herself as their only surviving parent, and that Paul L. Hitchins has the legal right to file and prosecute said caveat in either or both of his capacities as guardian and next friend." They denied that the court had the power to dismiss the caveat of the infant caveators, or to order that it be brought by their mother as next friend, because, they said, Hitchins was the guardian of said infants appointed by the orphans' court, and also their next friend appointed by their mother. And

at the conclusion of the answer they demurred generally to the motion.

On the following day the caveators filed a general replication to the answer of the caveatees, and, after filing that replication, they prayed the court to transmit to a court of law for trial these issues:

"1. Whether the paper writings dated the 7th day of January, 1930, purporting to be the last will and testament of Gilmor S. Hamill, deceased, was signed by the said Gilmor S. Hamill, or by some other person in his presence and by his express direction, and attested and subscribed in the presence of two or more credible witnesses.

"2. Whether the said paper writing dated the 7th day of January, 1930, purporting to be the last will and testament of the said Gilmor S. Hamill, deceased, was executed by him when he was of a sound and disposing mind, and capable of executing a valid deed or contract.

"3. Whether the execution by the said Gilmor S. Hamill of said paper writing dated the 7th day of January, 1930, and purporting to be the last will and testament of the said Gilmor S. Hamill was procured by undue influence exercised and practiced upon him, and constraining his will therein."

On the same day the caveatees suggested that in addition to those issues the court should also transmit these, which will be designated issues 4 and 5:

4. "Whether or not the said Gilmor S. Hamill had educated his four grandchildren, children of his deceased son, G. Semmes Hamill, Jr., in the very best schools in the country and had advanced large sums of money to these children and their mother?"

5. "Whether or not the said Gilmor S. Hamill had expended sums of money to have educated his four grandchildren, children of his deceased son, G. Semmes Hamill, Jr., in the very best schools in the country and had advanced large sums of money to these children and their mother, and if so, how much?"

On September 22nd, after a hearing, the orphans' court

undertook to dispose of the question raised by these pleadings, and in a single order (1) overruled the caveators' demurrer to the motion of the caveatees and sustained the demurrer of the caveatees to the caveat of the caveators; (2) dismissed the caveat of Paul L. Hitchins, guardian and next friend of Virginia E. and Edwin C. Hamill; (3) directed that that caveat should be filed by their mother as next friend and designated and appointed her as next friend; (4) required the two adult caveators to elect within thirty days whether they would file their caveat as heirs at law of Gilmor S. Hamill or as beneficiaries under his will dated November 10th, 1929 (erroneously stated in the order as 1921), and (5) that upon the filing of said election the issues stated above with some modification be transmitted to the Circuit Court for Garrett County for trial. These appeals are from that order.

The apparent intent of these confusing and inconsistent pleadings was to present the three questions to which reference has been made, and, in the absence of any contention to the contrary, it will be assumed that they are sufficient for that purpose.

1. Reverting to the question first stated, appellee's contention appears to be that a beneficiary under an unprobated will, who is also an heir at law of the testator, cannot be permitted to prosecute a caveat to a later will executed by the same testator unless he surrenders either his rights under the earlier will or his rights as an heir at law. No logical or rational basis for that contention has been suggested, nor has any apposite precedent been cited to support it. Obviously the equitable doctrine of election has no application to such a case as this, nor is it a case where the selection of one of alternate remedies precludes the person making such selection from pursuing any other or different remedy.

The doctrine of election is that a donee, who is entitled to one, but not more than one, of a plurality of gifts, may be obliged to elect which he will take. The rationale of the doctrine is said in the earlier cases to be the intention of the donor that the donee should have the right to but one of

several gifts, but that he should also have the right to say which gift he would have (*Story, Eq. Jur.* (14th Ed.), sec. 1451 *et seq.*); but *Pomeroy,* in his work on *Equity Jurisprudence,* sec. 466, rests it upon the principle that he who seeks equity must do equity. But in any case, the doctrine involves a plurality of gifts, and an intention, express or implied, on the part of the donor, that the donee should not receive the entire number. *Story, Eq. Jur.,* sec. 1451 *et seq.; Underhill on Wills,* sec. 726; *Words and Phrases,* First, Second, and Third Series; *Pomeroy, Eq. Jur.,* secs. 395, 461, *et seq.* In this case there is no question of a plurality of gifts or of remedies. For, until the probated will is set aside, the caveators must take under its provisions or not at all; if it be set aside and the earlier will admitted to probate and its validity finally established, then they must necessarily take under that will, and it is only in the event that that will, as well as the will now probated, is set aside, that they can take as heirs at law. Their right to take as heirs at law, if it exists at all, must rest, not upon any act of the testator, but upon the laws of descent and distribution, which cannot be invoked if the decedent died testate, and their right to take as beneficiaries under the earlier will is in itself a negation of their right to take as heirs at law. Such rights do not flow from the same source, but from different sources, are distinct, independent, and mutually exclusive, for one cannot take at the same time as a beneficiary under a will and as an heir at law of the testator. Their supposed right to take as heirs at law can only be predicated upon the hypothesis that the decedent died intestate; their supposed right to take under the earlier will involves the presumption that it is valid and that the probated will is invalid.

If the probated will should be set aside, the caveators would, if sufficient grounds exist, have the right to attack the earlier will, or, if it is a valid testamentary act, they would have the right to take under its provisions. The accrual of such rights would depend upon facts and circumstances not before the court in this proceeding, nor can it possibly be determined now to which of these alternative

rights the caveators may ultimately be entitled. Nor is there any apparent reason why they should be required to surrender such rights as they may have, either as caveators or as heirs at law, as a condition precedent to prosecuting a caveat to a will which they assert is a nullity. For it may be that reasons which might be sufficient to set aside the probated will would not apply to the earlier will, just as it may be that the earlier will is invalid for the same or for reasons different from those asserted against the probated will. Whether therefore they be finally entitled to take as heirs at law, or as beneficiaries, under the earlier will or the probated will, must depend, not upon their election, but upon facts and circumstances over which they have no control. The rights are not co-ordinate, both cannot exist at the same time, and conditions which establish one necessarily negative the other.

There is therefore no rational ground upon which the caveators can be compelled to elect in this proceeding whether they will prosecute this caveat as heirs at law or as beneficiaries under the earlier will. For it is sufficient if it appears that they do have, either as heirs at law or as beneficiaries under a former will, or both, a property interest in the estate. That being established, the nature or extent of the interest is not material. If they were not beneficiaries under the first will, then their interests as heirs at law would be sufficient to permit them to prosecute the caveat, because they can only attack one will at a time. Since they are beneficiaries under the earlier will, that fact alone gives them such an interest in the estate as will permit them to prosecute their caveat against the probated will. Nor is the fact that they have a greater interest than the law requires in itself a sufficient reason for requiring them to surrender a part of that interest in order to use the remainder. It is the settled law of this state that no one may caveat a will who has no interest in the estate (*Johnston v. Willis,* 147 Md. 240, 127 A. 862), but there is no rule or principle known to the law of this state which authorizes the court to require a caveator,

who possesses successive and distinct interests, to abandon one before he can assert the other.

Reference was made in appellees' brief, in connection with the question under consideration, to such cases as *Pegg v. Warford,* 4 Md. 385, where there were caveats to each of two wills exhibited in the orphans' court but not probated, *Worthington v. Ridgely,* 52 Md. 349, where there were several caveats to the same will, *Harrison v. Clark,* 95 Md. 308, 52 A. 514, where caveats to two wills were to be tried successively, and *Safe Deposit Co. v. Devilbiss,* 128 Md. 182, 97 A. 367, where the question was whether an earlier will had been revoked by the execution of a valid later will; but, as the principle under consideration was neither in issue nor considered in these cases, the significance of the reference is not at all clear.

2. The second point is that the caveat should have been brought by the infant caveators by their mother as *prochein ami,* and was therefore improperly brought by their judicial guardian as their next friend. The caveat was filed by "Paul L. Hitchins, guardian and next friend" of the infant caveators. It should technically have been brought by the infant caveators by their guardian and (or) next friend, for in such cases the infants are the actors. *Downes v. Friel,* 57 Md. 531; 31 *C. J.* 1116, 1117 *et seq.* But, as the case must for other reasons be remanded, that error can be readily corrected by amendment. The court, however, dismissed their caveat, not for that reason, but because in their opinion the caveat should have been filed by the infants by their mother as next friend, and they in fact appointed their mother as their next friend, and directed that any caveat filed by them should be filed by her as such next friend. Their conclusion was obviously erroneous. It appeared that Hitchins was the duly appointed guardian of the infants, and that he had been requested by their mother to file the caveat as their next friend. The infants were therefore entitled to file their caveat by him either as their guardian or as their next friend, or as guardian and next friend. *Deford v. State, use of Keyser,* 30 Md. 179, 199. And as-

suming, without so deciding, that the court had the power to remove him as *prochein ami* (*Id.*), he was nevertheless authorized to prosecute the caveat as the general guardian of the infants (*Id.; Woerner on Guardianship,* sec. 56), for they had no power to remove him as such a guardian without cause. *Woerner, Amer. Law on Guardianship,* sec. 150; 28 *C. J. "Guardian and Ward,"* secs. 123, 140.

The third question is whether the fourth and fifth issues, which required the jury to find (1) whether the decedent educated his four grandchildren "at the very best schools in the country," and advanced large sums of money to them and to their mother, and (2) "if so how much," were proper. These issues were immaterial and should not have been granted. As stated in *Taylor v. Nuttle,* 62 Md. 342: "Issues are sent to a court of law for trial in order that the questions of fact in dispute between the parties may be determined by the jury under instructions by the court. The verdict of the jury upon such issues, is binding on the orphans' court, and it is of the utmost importance, therefore, that the issues should be so framed, as to present plainly and distinctly the questions of fact in controversy, care being taken to avoid multiplying the same, and especially presenting the same question substantially in two or more issues." The questions of fact in dispute between the parties are to be ascertained from an examination of the petition and the answer thereto (*Tatem v. Wright,* 139 Md. 28, 114 A. 836; *Richardson v. Smith,* 80 Md. 89, 30 A. 568), and issues involving the matter in dispute should be so framed as to permit the jury to give a single answer to each question submitted. *Id.; Ward v. Poor,* 94 Md. 133, 50 A. 572; *Gross v. Burneston,* 91 Md. 383, 46 A. 993. But not only were the matters involved in the fourth and fifth issues, tentatively allowed by the orphans' court in this case, not in dispute between the parties, but they are not even referred to either in the petition or the answer.

Another objection to so much of the order as determined the form of the issues to be transmitted to the Circuit Court for Garrett County is that it was premature. The court had earlier in the same order sustained a demurrer to the caveat,

so that, as far as it was concerned, there was then nothing before it. For, while formal pleadings are not required in proceedings in orphans' courts (*Simmons v. Hagner,* 140 Md. 251, 117 A. 759), and demurrers properly have no place in their procedure (*Hignutt v. Cranor,* 62 Md. 218; *Munnikhuysen v. Magraw,* 57 Md. 172), what is in form a demurrer may be treated either as an answer, an objection to the jurisdiction, or "more properly as an exception to the sufficiency of the averments of the petition to make out a case" against the respondents under any provisions of the testamentary law (*Id.*), and in *McComas v. Wiley,* 132 Md. 409, 104 A. 52, it was given that effect. The result of the court's action therefore in sustaining a "demurrer" to the caveat was, so long as its order stood unreversed, to eliminate the caveat from the case.

For these reasons, the order appealed from will be reversed, and the case remanded.

*Order reversed, and case remanded.*