## NAYLOR v. MEALY.

### No. 5965.

Court of Appeals of the District of Columbia.

Argued Oct. 2, 1933.

Decided Nov. 6, 1933.

Nathan A. Dobbins, of Washington, D. C., for appellant.

Alexander M. Heron, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

. Appeal from an order in the Supreme Court of the District dismissing appellant's petition for caveat of the will of Mary A. Chapman, who died testate in this District on

694

May 7, 1931, survived by her husband and leaving as her heir at law and next of kin a sister, Margaret Mealy, wife of appellee.

On July 22, 1932, appellee, in his own right and as committee of Margaret Mealy, filed a petition for the probate of the will, and set forth that he had been appointed committee of Margaret Mealy, his wife, under an order of the Supreme Court of the District adjudging her a lunatic; that "Margaret Mealy is a sister and only heir at law of the decedent."

On February 17, 1933, appellant filed a petition for caveat to the probate of the will, setting forth that she filed it "in her own behalf as next of kin of Mary A. Chapman, deceased, and as a party in interest; also by authorization and on behalf of Sarah Glascoe, Joseph Terry, John M. Parker, and Anna C. Holmes, next of kin of Mary A. Chapman, deceased, and parties in interest."

On February 24, 1933, appellee moved to dismiss the foregoing petition for caveat, and on March 14, 1933, the court below entered the following order: "Upon consideration of the motion to dismiss the petition for caveat, filed herein, and it appearing from the petition for probate that Margaret Mealy, a sister of the decedent, is the only heir at law, and the petition for caveat failing to show the relationship of the petitioner to the decedent, or any interest which would authorize her to contest the will, it is, * * * ordered that the petition for caveat be and the same hereby is dismissed." From the above order this appeal was taken.

Section 59, tit. 29, D. C. Code, 1929 (section 137, D. C. Code, 1901) authorizes "any person in interest" to file a caveat to a will. In Angell v. Groff, 42 App. D. C. 198, we ruled that "the interest which a person must possess to enable him to assail the validity of a will is such that, had the testator died intestate, he would have been entitled to a distributive share in the estate."

■■ In her petition for caveat in the present case appellant alleges that she and those on whose behalf she files the petition are "next of kin of Mary A. Chapman, deceased," but she fails to state the degree of her or their relationship to the decedent. In a prior "petition to intervene as caveator," appellant set forth that she filed the petition "in her own behalf as first cousin of Mary A. Chapman, deceased, also by authorization and on behalf of Sarah Glascoe, Joseph Terry, John M. Parker, first cousins of the said deceased, and Anna Cecelia Holmes, an aunt of said de-

ceased." That petition was dismissed on January 12, 1933, and no appeal was taken.

In her present petition appellant should have stated her relationship to the decedent, that the court might determine whether she was "a person in interest" and therefore authorized to challenge the validity of the will. The averment that she is next of kin of the decedent is a mere conclusion of law, and hence is not admitted by the motion to dismiss. Irving v. Rees, 146 App. Div. 703, 131 N. Y. S. 523; Combs v. Cardwell, 164 Ky. 542, 175 S. W. 1009; Allen v. Gates, 145 Ga. 652, 89 S. E. 821. In her "petition to intervene as caveator," appellant set forth her relationship to the decedent, from which it appears that she is not "a person in interest." In her present petition she failed to state that relationship, but merely indulged in conclusions of law inconsistent with the actual facts —obviously an effort to circumvent the defect apparent on the face of her previous "petition to intervene as caveator."

The order of the court dismissing the petition is correct, and is affirmed, with costs.

Affirmed.