**WERNER v. FREDERICK et al.**

**No. 6993.**

United States Court of Appeals for the District of Columbia.

Decided Dec. 13, 1937.

E. Hilton Jackson, of Washington, D. C., for appellant.

Charles H. Quimby and Marcus Borchardt, both of Washington, D. C., for appellees.

By leave of Court George C. Gertman, of Washington, D. C., filed a brief as amicus curiæ.

Before GRONER, STEPHENS, and MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is a special appeal from an order of the District Court of the United States for the District of Columbia, holding a probate court. The appeal questions the correctness of a preliminary issue framed for submission to a jury in a will contest.

As shown by the record, the facts are as follows: Gustav Werner, a citizen of the United States and a resident of the District of Columbia, died July 27, 1935. On July 30th of the same year, a purported will dated June 1st of the same year was, by the appellant, Charles Werner, who was named executor, offered for probate in the Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia and hereafter referred to as the District Court); the instrument was on the same day admitted to probate. This will purported to revoke all prior wills. For convenience it will hereafter be referred to as the will of 1935. On October 17, 1935, a date within the three months' period, after probate, which is allowed by the District of Columbia Code for the filing of a caveat, D.C.Code 1929, tit. 29, § 59, 31 Stat. 1212, § 137, Eugene Frederick, Gustav A. Frederick, and George H. Frederick, Jr., the appellees, filed a caveat against the will of 1935. They were not beneficiaries under that will. Their caveat alleged, *inter alia*:

"2. That the said Gustav Werner, deceased, on the 6th day of September 1934, being then of sound and disposing mind, executed a certain paper writing, purporting to be his last will and testament and then declared the same to be his last will and testament, all of which occurred in the presence of Emma L. Fletcher, Doris Poole Jones and Charles H. Quimby, who then and there at his request and in his presence and in the presence of each other subscribed their names to said paper writing as attesting witnesses; that due search has been made for said paper writing but the petitioners are informed and believe that it can not be found, but that it was accidentally destroyed and that such destruction was not brought about by said Gustav Werner or with his knowledge or consent, and that until and at the time of his death he believed and intended said paper writing to be in full force and effect as and for his last will and testament. That all of your petitioners are named as beneficiaries in said will."

The caveat further alleged that the paper of September 6, 1934, for convenience referred to hereafter as the will of 1934, was typewritten, that a carbon copy had been made and that the same had been filed with the Register of Wills in the District of Columbia, and that a petition to establish this paper as a lost will would be filed in due course. The caveat continued with further allegations attacking the validity of the will of 1935, it being asserted that Gustav Werner had not been of sound mind at the time of its execution, that the attesting witnesses had not signed at his request, and that the execution of the will had been procured by fraud and coercion. The caveat then prayed that an issue be framed to be tried by a jury to determine the facts concerning the will of 1935, and that the

same be set aside and held for naught. The carbon copy referred to in the caveat was filed with the Register of Wills at the time of the filing of the caveat in the District Court. The petition to establish the will of 1934 was filed November 29, 1935, after the expiration of the three months' period, above referred to, within which a caveat must be filed.

The answer of the appellant, as caveatee, asserted that the caveat failed to disclose that the caveators, the appellees, had any interest to file a caveat against the will of 1935; in respect in particular of paragraph 2 of the caveat, the appellant's answer said:

". . . this respondent neither admits nor denies the averments of said paragraph, and calls for strict proof thereof insofar as the same may be deemed material to the issues herein. Further answering said paragraph two, this petitioner says that if any paper writings purporting to be the last will and testament of the deceased were executed prior to the last will and testament of the deceased dated June 1, 1935, that said paper writings were revoked by the last will and testament of the deceased dated June 1, 1935, as aforesaid, duly admitted to probate and record . . .."

The answer denied the allegations of the caveat assailing the validity of the will of 1935.

After certain proceedings which it is not necessary to mention, issues were framed by the appellees, as caveators, and were offered on motion. These issues were confined to the validity of the 1935 will. The appellant opposed the motion on the ground that a preliminary issue as to the execution of the will of 1934 had not been included, and the motion offering the issues was denied. But leave to amend was granted; and, by amendment, a preliminary issue as to the execution of the 1934 will was added. Thereupon an order was made framing the preliminary issue thus:

"Did the deceased, Gustav Werner, ever execute a last will and testament dated the Sixth day of September, 1934, in which the said Eugene Frederick, Gustav A. Frederick, and George H. Frederick, Jr., were named as beneficiaries?"

From the order thus framing the preliminary issue this appeal was taken.

Numerous errors are assigned by the appellant, but they present in effect but three questions: 1. Was the caveat sufficient to support the framing of a preliminary issue? 2. Assuming the sufficiency of the caveat, was the preliminary issue correctly framed? 3. Must the petition for probate of the will of 1934 have been filed within the three months' period required for the filing of a caveat?

The proposition primarily relied upon by the appellant is that one contesting a will must show, preliminarily, an interest so to do; and that where such interest is based upon an asserted right arising under a prior will, which right has been reduced or destroyed by the will attacked, it is necessary for the caveator to allege, and ultimately to prove, not only that the prior will was executed, but also that it remained the last will and testament of the testator until his death. The proposition is sound in requiring the caveator to prove more than that the prior will was executed, but as stated it is too broad in that it requires proof that the later will did not revoke the earlier one. This ought not be required of the caveator under the preliminary issue, because the revocatory effect of the later will is dependent upon its validity and its validity is the ultimate issue. The preliminary issue should be stated so as to require the caveator to allege and prove, preliminarily, that the prior will was executed, and that it remained the last will and testament of the testator until his death, except for the effect of the subsequent will, if valid, to revoke it.

Under D.C.Code 1929, tit. 29, § 59, 31 Stat. 1212, § 137, any person in interest may file a caveat in opposition to a will admitted to probate. Under similar statutes it has been held that one named as a beneficiary in a prior will has an interest to contest a later one by virtue of which his share has been reduced or destroyed, and this whether or not he is heir at law or next of kin of the testator. Hamill v. Hamill, 162 Md. 159, 159 A. 247, 82 A.L.R. 878, 1932; Kennedy v. Walcutt, 118 Ohio St. 442, 161 N.E. 336, 1928; earlier cases are collected in Note, L.R.A.1918A 470. Any implications seemingly to the contrary which might be drawn from language used by this court in Angell v. Groff, 42 App.D.C. 198, 1914, and Naylor v. Mealy, 62 App.D.C. 321, 67 F.2d 693, 1933, are incorrect. But one who seeks to establish, as a beneficiary under a prior will, an interest to attack a later one cannot content himself with showing that the pri-

or will was executed. He must show also that, except for the effect of the later will, if valid, to revoke the earlier one, the latter remained the last will and testament of the testator until his death. The reason for requiring an interest to set aside a will to be shown, before an attack upon the will may proceed, is that the estate of a decedent ought not be subjected to the trouble and expense of an attack, except by one who, if the attack prove successful, would have some legal claim upon the estate. See Safe Deposit & Trust Co. of Baltimore v. Devilbiss, 128 Md. 182, 187, 97 A. 367, 369, 1916. And if the former will relied upon, though executed, had been revoked by the testator in some manner other than by the later will, if valid, whatever interest might have arisen in the beneficiary by virtue of execution of the prior will would have ceased, so that at the time of his attack upon the later will he would have no standing. Egbert v. Egbert, 186 Ky. 486, 217 S.W. 365, 1920; Hahn v. Hammerstein, 272 Mo. 248, 198 S. W. 833, 1917; In re Rayner's Will, 93 App. Div. 114, 87 N.Y.S. 23, 1904; In re Carlson's Estate, 153 Or. 327, 56 P.2d 347, 1936; Curtis's Estate, 253 Pa. 389, 98 A. 575, 1916. But cf. In re Parker's Estate, 268 Mich. 79, 255 N.W. 318, 1934.

1. It is the contention of the appellant that the caveat was not sufficient to support the framing of the full preliminary issue. The appellant relies upon the rule that no issue can be passed upon by a court or a jury which is not within the pleadings, and he asserts that the caveat alleged merely the execution of the will of 1934 and not that it remained the last will and testament of the testator until he died. This is not correct. As appears in the statement of facts above, the caveat alleged not only the execution of the will of 1934, but that "it was accidentally destroyed and that such destruction was not brought about by said Gustav Werner or with his knowledge or consent, and that until and at the time of his death he believed and intended said paper writing to be in full force and effect as and for his last will and testament."

2. The appellant contends that the preliminary issue as framed for submission to the jury was too narrow. In this the appellant is correct. The preliminary issue as framed related only to the execution of the will of 1934. It did not require the jury to determine whether or not that will remained the last will and testament of Gustav Werner until he died, except for the possible effect to revoke it of the will of 1935. The preliminary issue should be re-framed and enlarged so as to require the jury to make a finding on this subject as well as upon the subject of execution. Evidence should be taken under the preliminary issue, the latter submitted to the jury under appropriate instructions in respect of the elements of the issue, the burden of proof, and any applicable presumption, and the issue determined, prior to the taking of any evidence on the ultimate issue as to the validity of the 1935 will. Otherwise the estate of the decedent will be put to the trouble and expense of defending the attack on the will of 1935 prior to determination of the right of the appellees to make the attack. Cf. Safe Deposit & Trust Co. of Baltimore v. Devilbiss, supra.

The appellees contend that it was sufficient to restrict the preliminary issue to the question of the execution of the 1934 will, because of the terms of paragraph 2 of the appellant's answer to the caveat. They say that the statement:

"... if any paper writings purporting to be the last will and testament of the deceased were executed prior to the last will and testament of the deceased dated June 1, 1935 ... said paper writings were revoked by the last will and testament of the deceased dated June 1, 1935 ..."

admits that any prior will remained the last will of the testator until his death, except for the effect of the 1935 will, if valid, to revoke it, for otherwise such a prior will would not have been the possible subject of revocation. This argument depends upon a strained construction of the answer, and is therefore, in our view, not warranted.

The appellees further urge, in support of their position in this aspect of the case, Equity Rule No. 29 of the District Court, providing, so far as here pertinent, as follows[1]:

"2. The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence

[1] The Probate Rules of the District Court provide that: "The law and equity rules shall govern the practice in the Probate Court so far as applicable."

and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge in which case he shall so state, such statement operating as a denial. Averments other than of value or amount of damage, if not denied, shall be deemed confessed . .. . but the answer may be amended, by leave of the court or justice, upon reasonable notice, so as to put any averment in issue, when justice requires it. . . . "

The appellees contend that the appellant, having failed to comply with this rule by including in the answer a statement that he was without knowledge of the averments made in the caveat, admitted them.

The answer did not comply with the terms of the rule, and it should have done so. In order that there may be an accurate definition of issues and a saving of the time of the court in respect of facts not in dispute, it is important that rules of pleading be obeyed. Under the rule, the answer, as thus insufficiently drawn, operated as an admission. It is to be noted, however, that under the rule the answer may be amended when justice requires it. Also under Rev.Stat. § 954 (1875), 28 U.S.C. § 777, 28 U.S.C.A. § 777 (1934), the District Court and this court have power to permit amendments to the pleadings. Since the preliminary issue has not yet been submitted to the jury, it would seem more proper for the trial court to permit an amendment of the answer than for this court to free the appellees, on technical grounds, from a duty of proof. And we have no doubt that upon proper application on return of this case to the trial court, it will, in accordance with this opinion, permit amendment of the answer.

3. Must the petition for probate of the 1934 will have been filed within the three months' period provided by statute for the filing of a caveat? We think this was not necessary to the right of the appellees to attack the will of 1935. There is no statutory time limit set upon the filing of a will for probate. We have held that the statute contemplates that this must be done speedily, and that a lapse of three years is too great. McGowan v. Elroy, 28 App.D.C. 188, 1906. But in the instant case the will of 1934 was offered for probate within one month from the time of the filing of the caveat, and within approximately four months after the death of the testator. Unless, therefore, there is authority, apart from statute, requiring a caveator who rests his interest to attack a will upon a previous will to offer the latter for probate not later than the time of filing his caveat, we cannot say that the will of 1934 was not offered for probate with reasonable promptness. We are cited to but one case said to lay down such a requirement, and we can find no other. The case cited is Bartlett v. Manor, 146 Ind. 621, 45 N.E. 1060, 1897. We think it distinguishable on the facts; it presented the converse of the situation at bar. A petition had been filed to substitute a later will for a prior one, which had been earlier probated, on the ground that the prior will was invalid. The petition for substitution, however, was filed after the time within which, by the Indiana statute, a caveat contesting the probate of the prior will could have been filed. The court held that in the proceeding to substitute the later will the contest of the earlier one was an essential element, and that since the proceeding had not been brought within the time allowed by statute for contest of the earlier will the proceeding was barred. In that case what was omitted to be filed was that upon which the statute put a time limit, to wit, the caveat; in the instant case what had not been filed at the time of the caveat was that upon which the statute puts no time limit, to wit, the petition for probate of the lost will. But if Bartlett v. Manor be not distinguishable, we nevertheless must decline to follow it, because we find substantial authority reflecting a contrary and, as we think, correct view, that it is not necessary to file the petition for probate of the will to be substituted in connection with or prior to the filing of the caveat. Kostelecky v. Scherhart, 99 Iowa 120, 68 N.W. 591, 1896; Crowley v. Farley, 129 Minn. 460, 152 N.W. 872, 1915; Kennedy v. Walcutt, 118 Ohio St. 442, 161 N.E. 336, 1928; Dower v. Church, 21 W. Va. 23, 1882; Ruth v. Krone, 10 Cal.App. 770, 103 P. 960, 1909. It would be useless, so far as actual admission to probate is concerned, to require the offer of probate of the will of 1934 prior to, or at the same time as, the filing of the caveat, because the Code provides that: "While issues raised by a caveat are pending, either for trial or on appeal, no prior will shall be admitted to probate." D.C.Code 1929, tit. 29, § 60, 41 Stat. 557, § 137a. And there would seem to be no purpose in requiring

632

the filing of the petition for probate of the 1934 will at the same time as, or prior to, the filing of the caveat, so far as notice is concerned, because the caveat itself must set out in substance what would be alleged in the petition for probate of the 1934 will.

The order of the trial court is therefore reversed, with instructions to re-frame and submit the preliminary issue in accordance with the directions in this opinion.