ASSOCIATED PROFESSORS OF LOYOLA COLLEGE
*v.* AGNES STUART ET AL.

[No. 54, October Term, 1940.]

*Decided December 18th, 1940.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Edward H. Burke* and *Daniel B. Leonard,* with whom were *Bowie & Burke* on the brief, for the appellants.

*Edward L. Ward* and *J. Irvin McCourt,* with whom were *George M. White, Richard B. Tippett* and *Michael Paul Smith, M. William Adelson,* and *Galvin & McCourt,* on the brief, for the appellees.

SLOAN, J., delivered the opinion of the Court.

The question here is the right of certain caveators to contest the will of Frances Stuart, who died January 19th, 1940. The will was executed January 13th, 1940. From an order dismissing all of the objections to caveators, this appeal is taken by the Associated Professors of Loyola College in the City of Baltimore, Inc., and the Woodstock College of Baltimore County, both corporations, which were made defendants in the caveat proceedings directed to be sent on issues to the Superior Court of Baltimore City.

Those who filed caveats were Georgia C. Wills (not a party on this record), the Congregation of the Mission of St. Vincent de Paul Society of Baltimore, Michael J. Curley, Roman Catholic Archbishop of Baltimore, and The Redemptorists, all corporations, Agnes Stuart, Blanche Stuart, and John E. Lechthaler, Dorothea Armiger, Mary McCloskey, Marguerite Stuart, and David Stuart, all of whom were beneficiaries under a will of September 8th, 1937, which was revoked by a latter will, but was not destroyed. No objection was made to the granting of issues to John E. Lechthaler, Dorothea Armiger, Marion McCloskey, Marguerite Stuart, and David Stuart, whose interests as legatees under the first will were lessened or destroyed by the later will. The objection to the caveats of Agnes Stuart and Blanche Stuart was on the ground that they benefitted by the second as compared with the first will. The contention against allowing the Congregation of the Mission of St. Vincent de Paul Society, and the Redemptorists, and Archbishop Curley, all religious corporations, which were included in the first will and excluded from the second, is that the gifts and devises to them are void and cannot come into existence until sanctioned by the Legislature. Declaration of Rights, article 38.

It appears from the record that Agnes Stuart and Blanche Stuart are the heirs at law and next of kin of the testatrix, Frances Stuart; and if both wills are annulled, they would take the estate. While it was stated

by their counsel at the hearing in the Orphans' Court that they filed petitions for caveat as heirs at law and next of kin, they were not obliged to make an election. This was expressly decided in *Hamill v. Hamill*, 162 Md. 159, 164, 159 A. 247. The appellants base their con-.tention that Agnes and Blanche Stuart cannot caveat the will of 1940 as legatees thereunder because they have "recognized" the will of 1937 as their cousin's valid will. That is not what they have done. They are heirs at law and next of kin of the testatrix, and they are contesting the last will she made. If that is out of the way, they may, when the 1937 will is offered for probate, contest that. *Safe Deposit & Trust Co. v. Devilbiss*, 128 Md. 182, 97 A. 367. "If the probated will (in this case the caveat preceded and delayed probate) should be set aside, the caveators would, if sufficient grounds exist, have the right to attack the earlier will, or, if it is a valid testamentary act they would have the right to take under its provisions. * * * Nor is there any apparent reason why they should be required to surrender such rights as they may have either as caveators or as heirs at law as a condition precedent to prosecuting a caveat to a will which they assert is a nullity. * * * Whether therefore they be finally entitled to take as heirs at law or as beneficiaries under the earlier will or the probated will must depend, not upon their election, but upon facts and circumstances over which they have no control. The rights are not co-ordinate, both cannot exist at the same time, and conditions which establish one necessarily negative the other." *Hamill v. Hamill*, 162 Md. 159, 165, 159 A. 247, 249.

We, therefore, are of the opinion that Agnes and Blanche Stuart, as heirs at law and next of kin, have the right to caveat the will of 1940, and as to them the order for issues must stand.

The other question is as to the right of three religious corporations, beneficiaries under the will of 1937, excluded from the 1940 will, to caveat the latter, and the appellants rely upon their construction of article 38 of

the Declaration of Rights, which reads in part: "That every gift, sale or devise of land to any Minister, Public Teacher or Preacher of the Gospel, as such, or to any Religious Sect, Order or Denomination, or to, or for the support, use or benefit of, or in trust for, any Minister, Public Teacher, or Preacher of the Gospel, as such, or any Religious Sect. Order or Denomination; * * * without the prior or subsequent sanction of the Legislature, shall be void; * * * except always, * * * any quantity of land, not exceeding five acres" to be used for certain purposes.

The question here presented has never been raised in this state, and neither side offers any help in the way of authorities to support their respective views, for the very good reason that there are none. There was, and very recently, a case in which a religious corporation, beneficiary under a former will, filed a caveat to what was offered for probate. The right in that case was conceded, though it was a fact not mentioned in the record or briefs that it had been sanctioned by the Act of 1939, ch. 426. *Morgan v. Dietrich,* 178 Md. 66, 12 A. 2nd 199. No inferences can be drawn in this from that case. The appellant's contention is that a gift to a religious corporation is "void" until the Legislature by its sanction puts life into it. The meaning of article 38 has been discussed in many opinions of this court. In *Church Extension v. Smith,* 56 Md. 362, 395, it is said, that, "when sanctioned, the legislative act relates back to the death of the testatrix, and the legacies take effect from that time," in *Gardner v. McNeal,* 117 Md. 27, 33, 82 A. 988, 990, "before it can be treated as valid and effectual, it must receive the sanction of the General Assembly of the state." The expressions are really not interpretations of article 38; they are repetitions. What we are called on to do here is to say whether such religious corporations, pending sanction by the Legislature, have any power, authority, right, or interest in the administration of the donor's estate. If the appellants' contention is right, they are helpless to do anything until the Legislature acts.

It has been held by this court that, pending timely action by the Legislature, an executor cannot disregard such gifts, and state an account and distribute the funds without taking them into account. In *England v. Prince George's Parish*, 53 Md. 466, 471, the donor had died after the adjournment of the Legislature, and the executor settled his account and made distribution before the next session without making provision for the payment of the legacy to the church. Sanction was given to the gift at the first session after the testatrix's death, and this court said, "it was in time to impose upon her executor the obligation to pay it." That decision is opposed to the argument of the appellants, as their contention simply means that such a right does not come into existence until sanction of the gift is given by the Legislature.

Here is a case in which three religious corporations, which benefitted by the will of 1937, have been excluded by a later will. Suppose they had been the only beneficiaries of the earlier will, and a year had intervened between the probate of the later will and the next session of the Legislature, and settlement made under the second will, they would, if appellants are right, be without the power to do anything, not even protest. That is, in effect, what the executor in *England v. Prince George's Parish,* supra, tried to do, but which this court said could not be done. We do not believe that any such construction should be put on article 38, nor do we think the Convention contemplated any such a situation or construction. We cannot subscribe to such a proposition, and hold that, pending timely legislative action, the three religious corporations, appellees, have such an interest in the estate of Frances Stuart, as to entitle them to caveat her will of 1940.

*Order appealed from affirmed, with costs.*