## LONAS et al. v. BETTS.
### No. 9298.

United States Court of Appeals

District of Columbia.

Argued Nov. 27, 1946.

Decided Feb. 28, 1947.

Mr. Llewellyn C. Thomas, of Washington, D.C., with whom Messrs. Caesar L. Aiello and Frank M. Stephen, both of Washington, D.C., were on the brief, for appellants.

Mr. Keith L. Seegmiller, of Washington, D.C., with whom Mr. Ray R. Murdock, of Washington, D.C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

EDGERTON, Associate Justice.

Beneficiaries named in a will bring this special appeal from an order of the District Court, sitting as a Probate Court, which (1) denied leave to amend appellants' answer to appellee's petition for caveat and (2) denied appellants' motion for judgment on the pleadings or, in the alternative, to amend the issues which had been framed at pretrial.

After the death of the testator, John Henry Singer, on November 11, 1944, two purported wills were filed with the Register. The earlier left the entire estate to a church; the later left it to appellants. This later will was admitted to probate on July 13, 1945.

No caveat or objection to the probated will has been filed by the church. Appellee, the testator's sister, filed a petition for caveat. On October 29, 1945, the court entered an order framing issues. These issues were amended at pretrial on December 12, 1945. Appellee's standing as a caveator was not then questioned. Trial was postponed several times on appellants' motion. On May 6, 1946, by motions which the District Court denied and which are here on appeal, new counsel for appellants contended that because, in case the earlier will were set up, appellee would take nothing, she had no "interest" to caveat the later will unless she could first show that the earlier one was invalid.

When a caveator to a later will claims—as appellee does not—under an earlier one, he must show that "except for the effect of the later will, if valid, to revoke the earlier one, the latter remained the last will and testament of the testator until his death." This is because "the estate of a decedent ought not be subjected to the trouble and expense of an attack, except by one who, if the attack prove successful, would have some legal claim upon the estate." [1] But if appellee's attack upon the probated will prove successful, she will have a legal claim upon the estate as heir and next of kin, despite the existence of a purported will which has not been proved; [2] the burden will then be upon the claimant,

---

[1] Werner v. Frederick, 68 App.D.C. 158, 161, 94 F.2d 627, 630.

[2] "The interest which a person must possess to enable him to assail the validity of a will is such that, had the testator died intestate, he would have been entitled to a distributive share in the estate." Angell v. Groff, 42 App.D.C. 198, 201.

282

if there be one, under the purported will to prove its validity. Appellants have no interest in its validity and no standing to require appellee to prove its invalidity. We hold that an heir, claiming by intestacy, may caveat a probated will regardless of the possible effect of an earlier purported will which has not been proved or put in issue by anyone who claims under it.[3] The cases from other jurisdictions on which appellants rely, so far as they are not distinguishable, seem to us erroneous.

Our conclusion is supported if not required by the form of the District of Columbia statute: "If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked * * *."[4] If the will which has been probated should turn out to be invalid, and if thereafter the earlier will should be probated, this statute would expressly authorize appellee to attack the earlier will at that time. The law could not, with any consistency, require her to attack it now.

We need not discuss the procedural contentions of the parties regarding amendment of pretrial issues.

Affirmed.

---

[3] Hamill v. Hamill, 162 Md. 159, 159 A. 247, 82 A.L.R. 878; Associated Professors v. Stuart, 179 Md. 96, 16 A.2d 895; Marr v. Barnes, 126 Kan. 84, 267 P. 9; Murphy's Ex'r v. Murphy, 65 S.W. 165, 23 Ky.Law Rep. 1460. Cf. Cowan v. Walker, 117 Tenn. 135, 96 S.W. 967.

[4] D.C.Code, 1940, § 19—309.