**In re PHILLIPS' ESTATE.**

No. 68052.

United States District Court
District of Columbia.

April 29, 1947.

Garfield C. Thompson, Washington, D. C., for estate.

Wesley S. Williams and Walter T. Powell, Washington, D. C., for caveators.

PROCTOR, District Judge.

This is a motion to dismiss or strike the caveat, and an amendment thereto, directed against the caveat of the alleged widower of the decedent, who is not disclosed in the petition for probate and who is not shown on the record to have had notice of the probate. The caveat is filed *without* the three months allowed under Section 19–309, D.C. Code 1940, for a caveat as to personal property. The husband filed a renunciation of the provisions of the will and an election to take his legal share as of intestacy, under Section 18–211, D.C.Code 1940, on November 8, 1946. The will was admitted October 21, 1946. Decedent was survived by the executrix, a sister, who is the sole beneficiary under the will, and by a brother who consented to the probate.

The husband has no interest which is affected by the allowance of the will. He has properly elected to take his distributive share according to law and hence cannot be considered a "person in interest" under Section 19–309, D.C.Code 1940. His only possibility of interest is his primary right to administration, which is grantable at the discretion of the Court, and could hardly be sufficient to bring the husband within that class of parties. His remedy is to elect, which he has done, and nothing further remains to be done in his behalf except to prove his relationship if controverted. There were no children born of the marriage, hence he has no interest by the curtesy. The decedent left only personal property, although the will was admitted as to real and personal estate. To subject the estate to the needless delay and expense of the trial of issues raised by the caveat seems to be against the best interests of the caveator as well as the estate in general, since even a successful attack upon the will does not gain anything for the husband.

In re estate of Frederick H. Miller, deceased, Administration No. 31,956, Hoehling, J., dismissed a caveat by the widow upon the same ground, i. e., that she failed to show that her interest would be affected by the allowance of the pretended will (December 4, 1925).

In my opinion the motion to dismiss the caveat should be granted for the reason that, in addition to the fact that it was filed more than three months after probate, the surviving husband has no interest sufficient to entitle him to maintain his caveat. He might be granted leave to amend by moving to set aside the decree for probate for want of jurisdiction as to him. This will give the executrix opportunity to deny, if she is so advised, his relationship and result in the trial of an issue on that point.