## KIMBERLAND v. KIMBERLAND.

### No. 11554.

United States Court of Appeals
District of Columbia Circuit.

Argued March 9, 1953.

Decided March 19, 1953.

Mr. Robert H. McNeill, Washington, D. C., for appellant.

Mr. James Cunningham Rogers, Washington, D. C., for appellee.

Before EDGERTON, PRETTYMAN, and FAHY, Circuit Judges.

PER CURIAM.

Appellant was the husband and appellee the son of Mary A. G. Kimberland, who died March 4, 1952. Her purported will, dated July 1935, left her entire estate to ap-

pellee. The estate included no real property in the District of Columbia.

Appellee offered the will for probate. Appellant filed a caveat alleging incapacity of the testatrix and also fraud and undue influence of a third person. Appellee moved to dismiss the caveat on the ground that appellant lacked the necessary interest in the estate. Appellant will take the same share of the estate whether the will is or is not sustained. D.C.Code (1951) § 18–211. The District Court granted appellee's motion.

D.C.Code (1951) § 19–307 provides that "If, upon or prior to the hearing of the application to admit the will to probate, any party in interest shall file a caveat in opposition, duly verified, and setting forth facts inconsistent with the validity of the will, the said will shall not be admitted to probate until the issues raised by said caveat shall be determined, as hereinafter directed." In Angell v. Groff, 42 App.D.C. 198, 201, and again in Lonas v. Betts, 82 U.S. App.D.C. 55, 160 F.2d 281, we said "The interest which a person must possess to enable him to assail the validity of a will is such that, had the testator died intestate, he would have been entitled to a distributive share in the estate." We take this to mean a distributive share different from what he would be entitled to if the will were held valid. In Werner v. Frederick, 68 App. D.C. 158, 161, 94 F.2d 627, 630, and again in Lonas v. Betts, supra, we said "the estate of a decedent ought not be subjected to the trouble and expense of an attack, except by one who, if the attack prove successful, would have some legal claim upon the estate." We take this to mean a legal claim upon the estate different from what he would have if the attack upon the will prove unsuccessful.

Appellant bases his claim on D.C. Code (1951) § 20–204, which provides that "If the intestate leave a widow or surviving husband and a child or children, administration, subject to the discretion of the court, shall be granted either to the widow or surviving husband or to the child, or one or more of the children * * *." No doubt it is possible that if the will were set aside the court might appoint appellant

rather than appellee as administrator; and if he qualified and served he would be entitled to compensation for his services. But as Judge Proctor, sitting as a District judge, held in In re Estate of Phillips, D.C., 111 F.Supp. 453, the mere possibility of an opportunity to perform such services does not make one "a party in interest".

Affirmed.

FAHY, Circuit Judge (concurring).

I reserve judgment with respect to an inclusive definition of "any party in interest" as this clause is used in D.C.Code (1951) § 19–307, particularly where a surviving spouse or child claims to be such a party; but I concur in affirmance because the sole ground upon which appellant seeks to stand as a party in interest is the possibility under D.C.Code (1951) § 20–204 of appointment as administrator in case of intestacy. I think this inadequate, and no other ground need be considered in this case.

Clark, Circuit Judge, dissented.