Pauline McLAIN
and
Edward McLain, Plaintiffs,
v.
AMERICAN SECURITY AND TRUST
COMPANY, Defendant.
Administration No. 117840.

United States District Court
District of Columbia.
March 8, 1967.

Joseph A. Rafferty, Jr., Clarence G. Pechacek, Washington, D. C., for Pauline McLain and Edward McLain.

Albert D. Brault, Washington, D. C., for American Security & Trust Co.

### MEMORANDUM

MATTHEWS, District Judge.

The matter before the court is a motion to dismiss a caveat which attacks the validity of a codicil to the last will of the decedent, Cathren Pettit Larman Miller. The ground of the motion is that the caveators are not parties in interest so as to be entitled to assail the codicil's validity.

A petition for the probate of decedent's will and the codicil thereto was filed by the American Security and Trust Company as the party nominated in the codicil as executor of the will. The caveat proceeding followed, challenging only the codicil.

The caveators are a sister and a nephew of the decedent. The sister is one of decedent's heirs at law, but is not a beneficiary under the will or the codicil. She claims nothing by intestacy, the caveat being directed solely to the codicil. The other caveator—the nephew—is not an heir at law of decedent but under the will he is named as executor and is given a legacy of $5,000. The codicil leaves the

legacy intact, but names as executor of the will a party other than the nephew.

The only other way in which the codicil changes the will is that legacies of $5,000 each are given by the codicil to children of the decedent's nieces and nephews.

By the District of Columbia Code, § 18–508, 1961 Edition, Supplement V, 1966, it is provided:

> If, prior to or upon the hearing of an application to admit a will to probate, *a party in interest* files a verified caveat in opposition, setting forth facts inconsistent with the validity of the will, the will may not be admitted to probate until the issues raised by the caveat are determined * * *. (Emphasis added.)

In Angell v. Groff, 42 App.D.C. 198, 201, the United States Court of Appeals said,

> The interest which a person must possess to enable him to assail the validity of a will is such that, had the testator died intestate, he would have been entitled to a distributive share in the estate.

However, in the later case of Kimberland v. Kimberland, 92 U.S.App.D.C. 145, 146, 204 F.2d 38, the Court said of the language quoted above:

> We take this to mean a distributive share different from what he would be entitled to if the will were held valid.

The Kimberland case throws light on the issues in the instant case. Mrs. Kimberland died and by her will left her entire estate which consisted of personalty to her son. After the son offered the will for probate, the husband of the decedent filed a caveat alleging incapacity of Mrs. Kimberland and also fraud and undue influence of a third person. The son's motion to dismiss the caveat was granted, and the husband appealed. The appellate court affirmed, holding that the husband under a statutory provision [1] takes the same share of the estate whether the will is or is not sustained, and that the mere possibility of the appointment of the husband as administrator, if the will were set aside, does *not* make him "a party in interest" entitled to file a caveat.

In the case here, if no codicil had been executed, and the nephew had qualified and acted as executor under the will, the commissions received by him, not as beneficiary, but as executor, would have been paid to him for the services rendered by him as such executor, but as he is now relieved by the codicil of the duties he would have performed had he acted as executor, he receives no commission.

■ The right conferred upon the nephew by the will, and withdrawn from him by the codicil, to serve as executor and to receive commissions for his services as executor when rendered by him, cannot be regarded as making him "a party in interest" so as to entitle him to caveat the codicil. Helfrich v. Yockel, 143 Md. 371, 122 A.2d 360, 31 A.L.R. 323 (1923).

■ As noted, the remaining caveator in the instant case is a sister of the decedent. She is also the mother of the other caveator. If the codicil were set aside, her claim upon the estate would be no different from what it would be if the codicil were sustained. Whether the codicil stands or falls, she would not be affected. To particularize: If the codicil should be sustained, she would take nothing as it makes no provision for her. If the codicil should be rejected, she still would take nothing as the will makes no provision for her, and she is not challenging the will's validity.

■ The estate of a decedent should not be subjected to the trouble and expense of an attack on a testamentary writing except by one who, if the attack prove successful, would have some claim upon the estate different from what such person would have if the attack prove unsuccessful. Werner v. Frederick, 68

1. This provision is now § 19–113, District of Columbia Code, 1961 Edition, Supplement V, 1966.

App.D.C. 158, 161, 94 F.2d 627. As previously indicated, Mrs. McLain as caveator does not claim by intestacy, is not opposing the probate of the will, and would receive nothing if the codicil should be sustained and nothing if it should be rejected. It necessarily follows that she has no standing here to caveat the codicil.

The motion of the American Security and Trust Company to dismiss the caveat will be granted. An appropriate proposed order should be submitted by the attorney for the American Security and Trust Company.