JOSHUA F. C. WORTHINGTON *vs.* JAMES L. RIDGELY, JR., and JOSHUA F. C. WORTHINGTON, *et al.,* Executors.

*Case of issues on separate Caveats to a Will, where all the issues were grouped in one case with all the Caveators as Plaintiffs, and all the Caveatees as Defendants, although one of the parties was a Caveator in his individual capacity, and Caveatee in his capacity as Executor—The order of arrangement of the Issues a matter of form—The order of the Argument of the case prescribed—The order of introducing the Evidence a matter for the Court below to determine.*

A paper-writing purporting to be the last will of N. W., was exhibited in the Orphans' Court by J. L. R., one of the executors, and proved in the usual form by the three subscribing witnesses. Afterwards J. F. C. W., also named as one of the executors, filed a petition and caveat alleging that said paper contained in fact the true last will of N. W. but that after its execution it was fraudulently altered, without the authority or knowledge of the testator, by the insertion therein of certain words of gift to said J. L. R., the effect of which was to make the instrument appear to bestow upon said J. L. R. one-half of the whole residuary estate. D. W. W. and O. A. W. two of the heirs-at-law also filed their petition, and caveat to the entire paper exhibited, alleging that it was not executed in the manner and form required by law; that at the time it was executed, N. W. was not of sound and disposing mind; that it was the result of undue influence and undue importunities, and that it was obtained and procured by misrepresentations and by fraud and deceit. An answer to the petition and caveat of J. F. C. W. was filed by J. L. R. denying the allegation of a fraudulent alteration or interlineation of the paper in question. Separate answers were filed to the caveat of the heirs-at-law, by J. L. R., J. F. C. and J. F. C. W., the three executors named in the alleged will. J. L. R. insisted upon the validity of the entire will; J. F. C. alleged that he knew nothing of the will except what is disclosed upon its face; and J. F. C. W. in-

Worthington *vs.* Ridgely, Jr., *et al.*, Ex'rs.

sisted upon its validity except as far as it was fraudulently altered as alleged in his caveat. Issues were thereupon prayed as follows: J. F. C. W., asked for four issues raising in different forms, questions as to the alteration of said paper, and its due execution and validity except as to said alteration. J. L. R. asked for one issue presenting the question as to the fraudulent alteration of said paper; and the contesting heirs-at-law asked for six issues presenting questions as to the valid execution of the paper, the sanity of the testator and the exercise upon him of undue influence, fraud, deceit and misrepresentation. All the issues asked for were allowed by the Orphans' Court, and they were grouped together in one case with J. F. C. W., and D. W. W., and O. A. W., as caveators, and J. L. R., and J. F. C. W., J. L. R. and J. F. C., executors as caveatees. On appeal it was HELD:

1st. That the Orphans' Court acted rightly in bringing together the several issues asked for, in the *one* case, and in designating the caveators and caveatees as they had done in its titling.

2nd. That although possibly it would have been more systematic, and have tended to simplify the proceedings to have arranged the issues differently from what was done, such arrangement was but matter of form and did not constitute error.

3rd. That it would be for the Court where the issue were tried, to allow J. F. C. W. to explain his position in the case as both caveator and caveatee, and with proper instructions granted to the jury, there could be no confusion in their finding upon the several issues.

4th. That as to the order of argument, the caveator, J. F. C. W., would be allowed to open upon his issues involving the alteration of the will, and the caveators D. W. W. and O. A. W., would also open upon their issues; J. L. R., the respondent to the caveat of J. F. C. W., would reply, and also the counsel for the will; J. F. C. W. was then entitled to close on his issues, and D. W. W. and O. A. W. upon theirs. Thus upon both caveats there would be an opening, a reply and a closing; and while the danger of conflicting verdicts was avoided, neither of the parties interested was deprived of any right.

5th. That the order in which the evidence was to be offered would also be readily determined by the Court before which the issues were tried.

Worthington *vs.* Ridgely, Jr., *et al.*, Ex'rs.

APPEAL from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY, ROBINSON and IRVING, J.

*A. W. Machen,* for the appellant.

*Fielder C. Slingluff,* for the appellee James L. Ridgely.

BRENT, J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court of Baltimore County.

A paper, dated the 8th of January, 1879, purporting to be the last will of Noah Worthington of J., was exhibited in the Orphans' Court on the 5th day of February following by James L. Ridgely, Jr., one of the executors named in it, and proved in the usual form by the three subscribing witnesses.

On the 12th day of February Joshua F. C. Worthington, also named as one of the executors, filed a caveat and petition, alleging that said paper contained in fact the true last will of Noah Worthington, but that after its execution it was fraudulently altered, without the authority or knowledge of the testator, by the insertion therein of certain words of gift to James L. Ridgely, Jr., the effect of which was to make the instrument appear to bestow upon said Ridgely one-half of the whole residuary estate.

On the 18th of the same month Dye W. Worthington and Otis A. Worthington, two of the heirs at-law, file their petition and caveat to the entire paper exhibited, alleging that it was not executed in the manner and form required by law; that at the time it was executed Noah Worthington was not of sound and disposing mind; that it was the result of undue influence and undue importuni-

ties and that it was obtained and procured by misrepre-sentations, and by fraud and deceit.

On the fourth of March, James L. Ridgely, Jr., answered the petition and caveat of Joshua F. C. Worthington, and denied in very strong terms the allegation of a fraudulent alteration or interlineation of the paper in question.

On the same day separate answers were also filed to the caveat of Dye and Otis Worthington, by Ridgely, Joshua F. Cockey, and Joshua F. C. Worthington, the three executors named in the alleged will. Ridgely insists upon the validity of the entire will; Cockey states that he knows nothing of the will except what is disclosed upon the face of it, and insists that the caveators, Dye and Otis Worthington, shall produce full proof of their allegations; and Worthington also insists upon its validity, except so far as it was fraudulently altered, as alleged in his caveat.

In the further progress of the case issues were prayed from the Orphans' Court to the Circuit Court for Baltimore County.

Joshua F. C. Worthington, upon his caveat, asked for four issues, as follows:

1st. Whether the tenth clause of the said paper-writing, dated the 8th day of January, 1879, and purporting to be the last will and testament of the said Noah Worthington, of John, at the time of the execution thereof by the said Noah Worthington, of John, and of the attestation and sub-scription thereof by the subscribing witnesses was in the words following:

"Tenth. All the rest and residue of my estate, real, per-sonal and mixed, of which I may be possessed or may be entitled to at my decease, I give and bequeath to my nephew, Joshua F. C. Worthington," without the addi-tion of any words limiting or materially qualifying the gift.

2nd. Whether the words "and my friend, James L. Ridgely, Jr., equally," in the tenth clause of the said

paper-writing, dated the 8th of January, 1879, and purporting to be the last will and testament of Noah Worthington, of John, were inserted therein after the execution of said paper-writing, and without the authority and consent of the said Noah Worthington, of John?

3rd. Whether the said paper-writing, dated the 8th day of January, 1879, and purporting to be the last will and testament of Noah Worthington, of John, without the words "and my friend, James L. Ridgely, Jr., equally," in the tenth clause, was signed by the said Noah Worthington, of John, as and for his last will and testament in the presence of three credible witnesses, and attested and subscribed in his presence by the said witnesses?

4th. Was the said paper-writing, bearing date the 8th of January, 1879, and purporting to be the last will and testament of Noah Worthington, of John, without the words "and my friend, James L. Ridgely, Jr., equally," in the tenth clause thereof, and the execution thereof by him, his free and voluntary act, to which he was induced with a knowledge of the contents of the said paper-writing, and without the exercise of undue influence of some other person or persons upon him, which prevented him from acting according to his own free will?

Upon this caveat of Joshua F. C. Worthington the respondent, James L. Ridgely, Jr., also asked an issue as follows:

Whether the said James L. Ridgely, Jr., after the execution of the said will, mentioned in the proceedings, and while it was in his possession, and without the knowledge and consent of the said Noah, did fraudulently alter the same, by the insertion after the words "my nephew, Joshua F. C. Worthington," occurring on the twenty-eighth line of the second page, of the words "and my friend, James L. Ridgely, Jr., equally?"

On the caveat of Dye and Otis Worthington, six issues were prayed, substantially as follows:

354      MARYLAND REPORTS.

Worthington vs. Ridgely, Jr., et al., Ex'rs.

1st. The due and legal execution of the paper.

2nd. Whether the testator was of sound and disposing mind?

3rd. Whether said paper was executed under the influence of suggestions, importunities or misrepresentations, when his mind, by reason of his diseased and enfeebled condition, was unable to resist them ?

4th. Whether said paper was procured by undue influence ?

5th. Whether it was procured by fraud, devices, deceits or misrepresentations ?

6th. Whether said paper was the result of the free and voluntary act of the testator to which he was induced, with a knowledge of its contents, and without the exercise of undue influence upon him, which prevented him from acting according to his own free will ?

There is no objection made either in the Orphans' Court or in this Court to the multiplication of the issues, and we shall not, therefore, advert to that question.

All the issues asked for were allowed by the Orphans' Court. They were grouped together in one case, with Joshua F. C. Worthington, and Dye W. Worthington and Otis A. Worthington, as caveators, and James L. Ridgely, Jr., and Joshua F. C. Worthington, James L. Ridgely, Jr., and Joshua F. Cockey, executors, as caveatees. And in that form the issues were directed to be sent for trial to the Circuit Court for Baltimore County.

On the part of the appellant, Joshua F. C. Worthington, it is insisted his caveat should be separated from that of the heirs-at-law, and two cases, instead of one, ordered to the Circuit Court for trial. This is resisted by James L. Ridgely, Jr., on whose behalf it is urged, that there is no error in the action of the Orphans' Court.

The case is certainly one of singular peculiarity, and we have had no little difficulty in reaching a satisfactory conclusion in regard to it.

Worthington *vs.* Ridgely, Jr.. *et al.*, Ex'rs.

We have referred at length to the issues asked for upon the two caveats, that they may be placed in juxtaposition, and it may thus be the more readily seen whether in the event of two separate cases being allowed the finding of the juries might not be different and directly in conflict.

The section of the Code, authorizing issues from the Orphans' Court, (*Art.* 93, *sec.* 250,) is silent as to the course to be pursued by the Orphans' Court where two caveats involving different interests are filed to the same instrument or will. No case like the present has occurred in the judicature of this State, and we must be governed in our conclusions by the object and purpose proposed by this part of the testamentary system and the analogies of the law. *Pegg and others vs. Warford*, 4 *Md.*, 393. The object of issues is, that the Orphans' Court may be instructed, upon the facts presented in them, by the finding of the jury. The facts thus found are finally established, and nothing is left for the Orphans' Court, when such finding is properly and duly certified to them, but to act upon them as conclusively settled in regard to the subject-matter in dispute, and to enter their judgment accordingly. It is, therefore, essentially proper that issues substantially involving the same questions should be so submitted that there can be but one finding and one verdict in regard to them. This can only be accomplished with certainty by submitting them to the finding of one jury, for if submitted to different juries it may be that their verdicts would differ, and the anomaly be presented of conflicting verdicts upon substantially the same issues. This question was considered in the case above referred to, and this Court there announced the rule to be, that "the same issue cannot be granted on the several applications of different parties, unless they be joined as plaintiffs or defendants, so as to produce at the trial but one and the same verdict." (4 *Md.*, 394.)

Had the Orphans' Court, in sending up the issues asked for in this case, directed two cases instead of one, they

would have acted in opposition to this rule; and different and conflicting verdicts, upon the third and fourth issues, (as we have cited them,) of Joshua F. C. Worthington, and upon the first, fourth, fifth and sixth issues of Dye and Otis Worthington, might have been the result.

This possible confusion is avoided by the course adopted by the Orphans' Court, and we think they acted rightly in bringing together the several issues asked for, in the *one* case, and in designating the caveators and caveatees, as they have done, in its titling. It would possibly have been more systematic, and tended somewhat to have simplified the proceedings before the jury, if in arranging the issues they had placed those asked for upon the caveat of Joshua F. C. Worthington together and in regular rotation. As they now stand, they are separated by those asked for upon the caveat of Dye and Otis Worthington. This arrangement, however, is but matter of form, and does not constitute error.

We cannot perceive how injustice can result to Joshua F. C. Worthington by trying the issues as they now stand. His position in the case can be readily explained to an ordinarily intelligent jury. The able Court, before which the case will be tried, will no doubt see that full opportunity is allowed him to do this, and with proper instructions granted to the jury there can be no confusion in their finding upon the several issues.

The difficulty suggested about the order of argument is more imaginary than real. Cases are constantly arising, especially in equity, where different interests are involved, and by analogy to them, the order of argument in this case will be determined. The caveator, Worthington, will be allowed to open upon his issues involving the alteration of the will, and the caveators, Dye and Otis Worthington, will also open upon their issues; Ridgely, the respondent to the caveat of Joshua, will reply, and also the counsel for the will; Joshua F. C. Worthington is then entitled

to close on his issues, and Otis and Dye Worthington upon theirs. Thus upon both caveats there will be an opening, a reply and a closing, and while the danger of conflicting verdicts is avoided, neither of the parties interested is deprived of any right. The order in which the evidence is to be offered will also be readily determined by the Court before which the issues are tried.

It follows from these views that the order of the Orphans' Court appealed from will be affirmed.

> *Order affirmed, and*
> *cause remanded.*

(Decided 15th July, 1879.)