JAMES McCOLGAN, Adm'r of CATHARINE FORD, formerly CATHARINE GALLAGHER *vs.* BRIDGET KENNY, formerly BRIDGET GALLAGHER.

*Administration—Husband and Wife—Renunciation of Husband to Administer on Wife's estate—Act of 1882, ch. 477—Waiver of Right to Administer—Petition to Revoke letters of Administration, filed too late.*

F. died intestate on the 5th of February, 1886, leaving her husband surviving her, and also a brother and sister, but no children or descendants. At her death she was liable in law for debts owing by her, and administration upon her estate was necessary, under the Act of 1882, ch. 477. Her husband on the 26th of February, 1886, renounced the right to administer, and upon his recommendation the Orphans' Court appointed McC. administrator, who duly qualified. There was evidence that the husband in the presence of the brother and sister of the intestate, asked McC. to administer, and that thereafter, the sister asked McC. to do acts in respect of the estate of the intestate, that could only be done by an administrator.

McColgan, Adm'r *vs.* Kenny.

The brother with the approval of the sister expressed a desire to have McC. administer. On the 7th of March, 1887, the sister petitioned the Orphans' Court to vacate the letters of administration granted to McC. and to issue letters to herself, or to such other person as may be legally entitled to the same. HELD :

1st. That upon the renunciation of the surviving husband, the brother and sister were the next persons entitled to administration, the brother being entitled to preference.

2nd. That although, according to the Act of 1882, ch. 477, they had no interest in the personal estate of the deceased, the Act did not take from them the right to administer, upon the renunciation of the husband.

3rd. That the appointment of McC. was improvident, and he must be removed under the application, unless the petitioner had in someway lost her right.

4th. That if there was no misapprehension on the part of the sister and her brother about the request to McC. that he should administer, their right was thereby waived.

5th. That at all events, the petition was filed too late, and ought to have been dismissed by the Orphans' Court.

APPEAL from the Orphans' Court of Baltimore City.

The petition in this case filed by the appellee, prayed that the letters of administration upon the estate of Catharine Ford, previously granted to the appellant, be revoked and annulled, and that letters of administration be granted to the petitioner. The deceased was a married woman, and at the time of her death was liable in law for debts owing by her. This appeal is taken from an order granting the prayer of the petition. The case is stated in opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*James McColgan,* for the appellant.

*Charles W. Heuisler,* and *Richard M. McSherry,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

Catharine Ford died intestate leaving her husband, James Ford, surviving her, but leaving no children or descendants. On the twenty-sixth day of February, 1886, the husband renounced his right to administer, and the Orphans' Court, on his recommendation, appointed James McColgan, administrator, who duly qualified and undertook the administration of the estate of the deceased. The deceased left a brother Thomas Gallagher, and a sister Bridget Kenny, the appellee in this case. Upon the renunciation of the surviving husband, the brother and sister were the next persons entitled to administration; the brother being entitled to preference. According to the Act of 1882, chapter 477, they had no interest whatever in the personal estate of the deceased; but the Act does not take from them the right to administer. By the thirty-eighth section of Article 93 of the Code, upon the renunciation of any person entitled to administer, the Orphans' Court must proceed as if such person were not entitled. The appointment of Mr. McColgan was therefore improvident, and he must be removed on this application, unless the petitioner has in some way lost her right. The petition was filed by Mrs. Kenny on the seventh of March, 1887. She and her husband both testifying that before administration was granted, Ford in their presence and in the presence of her brother asked Mr. McColgan to administer. Mr. McColgan testifies as follows: "Mr. Gallagher and Mr. Ford had both repeatedly stated that they wanted me to administer, it was talked over fully in Mrs. Kenny's presence, and she entirely approved of it at that time; then they were apparently agreeing; I did not administer at that time, that is, say February 19th, and it was then understood and agreed that I was to administer on the estate, because Mr. Ford himself had doubts about his capacity, and Gallagher had, and I believe Mrs. Kenny had also." It also appears from Mrs. Kenny's testimony

McColgan, Adm'r *vs.* Kenny.

that "shortly after the summer or in September" she called to see McColgan and asked him to pay some debts of the deceased. McColgan testifies that she asked him if he had not sold two stalls belonging to the estate; he probably refers to the same interview mentioned by Mrs. Kenny. He also testifies that the last time she was in his office she knew he was administrator and was talking to him as administrator. It is probable she had no very exact ideas on the subject of the duties of an administrator. It is, however, satisfactorily shown that she knew McColgan was requested to act as administrator, and that at least as early as September, 1886, she asked him to pay debts of the deceased, and to sell a portion of her personal estate; acts which could be done by no one except an administrator. This petition to remove him from the administration was not filed until the seventh of March, 1887. If there was no misapprehension on the part of Mrs. Kenny and her brother about the request to McColgan that he should administer, their right was waived under the rule laid down in *Pollard vs. Mohler*, 55 *Md.*, 287. But at all events according to *Edwards vs. Bruce*, 8 *Md.*, 392, the petition was filed too late; it ought to have been dismissed.

*Order reversed with costs,*
*and cause remanded.*

(Decided 5th January, 1888.)