PILERT ET AL. *v.* PIELERT, EXECUTOR

[No. 149, October Term, 1952.]

*Decided May 15, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph Loeffler*, with whom were *David Friedman* and *Harry E. Goertz* on the brief, for appellants.

*Alfred J. O'Ferrall, Jr.*, for appellee.

SOBELOFF, C. J., delivered the opinion of the Court.

Two sons of a decedent appeal from the refusal of the Orphans' Court of Baltimore City to rescind the grant of letters testamentary to their uncle, a brother of the decedent. It is claimed that insufficient notice was given the appellants before the probate of the will and the grant of letters.

Edward Pilert, Sr., of Baltimore, died on December 22, 1951, survived by two sons—Marshall Lee Pilert of Wayne, Pennsylvania, and Edward Pilert, Jr. of Ormand Beach, Florida. On January 2, 1952, Alfred J. O'Ferrall, Jr., an attorney, notified the sons, appellants here, by registered mail, that their father's will would be presented for probate on January 15th at 11 A.M. These letters were delivered to the addressees in Pennsylvania and in Florida on January 4th and January 5th respectively. On January 7th, the son living in Pennsylvania, asked Mr. O'Ferrall for a copy of the will and suggested that a copy be sent to his brother in Florida. On January 9th copies were mailed, but while the Pennsylvania son received his in regular course, the son living in Florida did not receive his copy until January 13th. Two days later, on the date mentioned in the letters, the will was offered and admitted to probate, and letters testamentary were granted to Charles W. Pielert, a brother of the decedent, who is named in the will as executor. On January 25, 1952, the appellants filed their petition to vacate the order admitting the will to probate and to revoke the letters testamentary granted to their uncle. This appeal is from an order dismissing the petition.

The appellants' contentions are: first, that the notice given by registered mail to the non-resident appellants could not validly be made in that manner but should have been by publication; and secondly, that the notice received by the appellants did not give them a reasonable time in which to object to the probate of the will.

The preliminary question to be decided is, who is entitled to notice? Section 373 of Article 93 of the Annotated Code of Maryland, 1951 Ed., reads as follows:

"If any will or codicil be exhibited for proof to the register of wills of the county wherein the same may be proved, in the recess of the court, and any of the next relations of the deceased shall attend and make no objections, or enter no caveat, or if it shall appear that reasonable notice of the time of exhibiting the same hath been given to such of the next relations as might conveniently be therewith served, and no person shall object or enter a caveat, the register shall proceed to take the probate thereof."

It will be noted that not all of the next of kin but only such as might *conveniently* be served with notice are required to be notified.

Section 375 is as follows: "If any will or codicil be exhibited to the orphans' court, and none of the near relations of the deceased shall attend, and no notice shall appear to have been given, the court may either direct summons to the said near relations, or some one or more of them, to appear on some fixed day to show cause wherefore the same should not be proved, or direct such notice to be given in the public papers or otherwise, as they may think proper; and if no objection shall be made or caveat entered on or before the day fixed, the court or register of wills in their recess, may take the probate of such will; but if objection shall be made on or before the day appointed, the said court shall have cognizance of the affair, and shall determine according to the testimony produced on both sides."

Again it is to be noted that not all of the near relations need attend when the will is exhibited to the Orphans' Court. The section provides that if none of the near relations shall attend and no notice shall appear to have been given summons may be directed "to the said near relations or some one or more of them."

As to the form of the notice, Section 375 makes it clear that the notification to near relations to be given by the direction of the court is distinct from the notice which "shall appear to have been given" before the will is exhibited to the Orphans' Court. Thus, a distinction

is made between notice before the will is exhibited and notice after the will has been exhibited. In the latter instance only may notice be required to be made formally, by service or publication, or it may be given otherwise (informally as by mail) if the court think it proper. *Perrin v. Prager,* 154 Md. 541, 545.

Public policy demands that the probate of wills should be made speedily. *Hunter v. Baker,* 154 Md. 307, 141 A. 368.

Section 374 of Art. 93 reads: "If any such will be exhibited to the orphans' court of the county where the same may be proved, and any of the next relations of the deceased shall attend, or if notice shall appear to have been given as aforesaid, and no caveat shall have been made against the same, the said court may forthwith proceed to take probate thereof." Rights of heirs are not precluded by an order of probate. Involved in the instant case is merely the question whether the sons, who were disappointed in their father's will, shall have to bear ultimately the costs of litigating a caveat after its probate, or should be entitled to have the costs of the litigation borne by the executor individually, as would be the case if the caveat were filed before probate and prosecuted successfully.

Because the probate of the will is only a single step in the process of administering an estate, the statutes make it clearly apparent that not every relative must be notified and that the notice may be *given* informally and need not be *served* or *published.* Indeed, as a practical matter, in this case, the notice actually given by registered mail was preferable to service by publication, as there could be no real certainty that the printed notice would come to the attention of the appellants.

Certainly as to Marshall Lee Pilert, residing in Wayne, Pennsylvania, Mr. O'Ferrall's letter of January 2nd reached him on January 4th, and he had fully eleven days' notice of the day and hour of the intended probate. He was not legally entitled to a copy of the will, yet he actually received a copy at least five days before the

will's probate. In the absence of a rule of the Orphans' Court requiring a longer notice, and in the face of the Orphans' Court's determination that the notice was not unreasonably short, we cannot say that under the circumstances of this case it was inadequate. It is argued that the practice—though no rule has been promulgated —is to give a longer notice but we cannot say that the action of the Orphans' Court in this case in approving a shorter notice by the executor is arbitrary or capricious. Since the record discloses that the two brothers were in communication with each other, the notice to Edward Pilert, Jr. in Florida, actually received on January 5th, did not become inadequate merely because he did not receive until January 13th a copy of the will sent him as a courtesy. There was nothing to prevent his taking action at any time after January 5th, when he received Mr. O'Ferrall's registered letter. Indeed, he could have notified the Orphans' Court by letter or telegram at any time after his father's death on December 22nd of his intention to caveat the will. The will would then not have been admitted to probate until after the disposition of the caveat proceedings. *Gilbert v. Gaybrick,* 195 Md. 297, 73 A. 2d 482.

Finding no error, the action of the Orphans' Court will be affirmed.

*Order affirmed, with costs.*