KENT *v.* MERCANTILE-SAFE DEPOSIT AND
TRUST COMPANY, Executor

[No. 305, September Term, 1960.]

*Decided June 14, 1961.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Joseph A. DePaul,* with whom were *Keane & DePaul, Mc-Neill & Ricketts* and *Barroll & Wethered* on the brief, for the appellant.

*George T. Burroughs* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

W. Seton Belt executed his will in 1944, nominating the Safe Deposit & Trust Company of Baltimore as his executor, without designation of a successor. Conservators were appointed for his estate in 1957, and he died on December 6, 1959. On January 7, 1960, the Mercantile-Safe Deposit & Trust Company, successor to the Safe Deposit & Trust Company by a merger effective in 1953, sent a copy of the will to Ellen S. Kent, first cousin to the testator and his closest known relative, with a letter stating its intention to offer the will for probate in the Orphans' Court for Prince George's County on January 15, 1960. On January 14, 1960, counsel for Miss Kent wrote the Orphans' Court stating that they had been retained to advise whether or not to *caveat* the will and requesting that, although they had been advised by counsel for the estate that probate would not interfere with their later filing a *caveat,* probate be delayed to enable them to study the matter. Nevertheless, the Orphans' Court on January 15, 1960, granted a petition presented by the appellee and passed an order admitting the will to probate and issuing letters testamentary to it. The executor duly qualified. On January 19, 1960, the Orphans' Court wrote counsel for Miss Kent, stating that the will had been admitted to probate because there were emergency matters to be taken care of and because the court "did not feel that this would interfere with the filing of a *caveat* if you so desire". On the same date the executor advised Miss Kent by certified mail of the action taken. No replies were made to these letters.

On June 10, 1960, a *caveat* was filed, within the time allowed by Code (1957), Art. 93, sec. 375, six months from the date of probate. On September 20, 1960, the appellant filed a petition to revoke the letters testamentary granted to the appellee and to grant letters to her as administratrix C. T. A., on the ground that the Safe Deposit & Trust Company lost its corporate existence by reason of the merger and that its successor did not answer the description of the

corporation named in the will and hence was not entitled to serve as executor. This appeal is from an order denying the petition.

The Orphans' Court held that the corporate existence was not terminated but preserved under Code (1957), Art. 11, sec. 115, and that the resulting corporation succeeded by virtue of the statute to all the rights and privileges of the corporation named in the will, including the privilege of serving as executor under any and all wills previously executed, and answered the description of the will. While supporting that holding, the appellee contends that the petition for revocation was filed too late and that the action of the Orphans' Court should be sustained on that ground. The record shows that the point was raised and argued below, and our authority to consider it is clear under Maryland Rule 885. In the committee note to this rule (Code (1957), Vol. 9, p. 476) it is stated: "For instance, a case may present two separate legal questions both of which might be argued fully in the lower court. It might be that the lower court would decide one of the questions and then deem it unnecessary to decide the other. Under this Rule the Court of Appeals could decide both questions." Cf. *Martin G. Imbach, Inc. v. Deegan,* 208 Md. 115, 131.

In *Watkins v. Barnes,* 203 Md. 518, 525, Judge Delaplaine, for the Court, said: "The Court [of Appeals] has also adopted the rule that, by analogy to the time within which an executor must apply for letters testamentary, Code 1951, Art. 93, sec. 48 [Code (1957), Art. 93, sec. 49], a petition to revoke letters of administration should be filed within thirty days after the petitioner has received knowledge of the grant of letters or such facts as would put him on inquiry that would disclose that letters had been granted. *Burgess v. Boswell,* 139 Md. 669, 680." Since it is conceded that the appellant received the notice of the probate and grant of letters mailed to her on January 19, 1960, it is clear that the petition filed September 20, 1960, was too late unless excused in some way by other circumstances.

In the *Burgess* case, *supra,* it was pointed out that the

analogy followed in the case of petitions to revoke letters is to the time within which an original application for letters must be made and not to the time within which an appeal must be taken from orders of the Orphans' Court, applied by analogy in the case of petitions to revoke probate. It was held that where the will had not been admitted to probate, the time for filing a petition to revoke letters did not run, citing *Edwards v. Bruce,* 8 Md. 387. Cf. *McColgan v. Kenny,* 68 Md. 258, 261. In *Gessler v. Stevens,* 205 Md. 498, 506, it was held that where no notice of the probate and grant of letters had been given, the time did not run against the petition to revoke letters, and since the probate was invalid for lack of notice, made mandatory by the statute, that action should be revoked under the prayer for general relief. Where there is no probate, or the probate is beyond the power of the Orphans' Court to grant, it naturally follows that the Orphans' Court lacks the power to appoint the person named in the will. But we think these cases are distinguishable.

In the instant case the will was probated after due notice, and jurisdictional requirements were satisfied. It is clear that a *caveat* may be filed either before or after the will is exhibited for probate. Code (1957), Art. 93, sec. 379. *Ades v. Norins,* 204 Md. 267, 273. If filed after probate, the *caveat* does not revoke the probate or appointment, but the duty to defend the will rests upon the executor. *Grill v. O'Dell,* 111 Md. 64, 67. If filed before probate, the *caveat* operates as a stay until the issues are determined, although the court may appoint an administrator *ad litem.* Even a notice of intention to *caveat* may operate as a temporary stay. *Gessler v. Stevens, supra* (p. 505) ; *Pilert v. Pielert,* 202 Md. 406, 411; *Gilbert v. Gaybrick,* 195 Md. 297, 305; *Perrin v. Praeger,* 154 Md. 541, 546. But the letter of January 14, 1960, from counsel for the appellant to the Orphans' Court, can hardly be construed as a notice of intention to *caveat.* It merely requested a delay while they considered the matter. The fact that they made no protest when advised that the will had been probated would indicate their acquiescence in the action taken. In any event, they did not appeal from the court's ac-

tion in probating the will, nor did they challenge this action even when they filed the petition to revoke letters. In the absence of appeal we think that action is not now open to attack. Cf. *Stanley v. Safe Deposit and Trust Co.*, 88 Md. 401, 407, *Hunter v. Baker*, 154 Md. 307, and *Matthews v. Fuller*, 209 Md. 42, 56. Under the circumstances we think the time for filing the petition to revoke letters was not tolled by the error, if any, in admitting the will to probate.

Since we hold that the petition to revoke letters was not filed in time, we do not reach the question as to the right or privilege of the appellee to serve as executor.

*Order affirmed, with costs.*